VICENTE GÉIGEL POLANCO, demandante y apelado, *v.* PRUDENCIO RIVERA MARTÍNEZ, Comisionado del Trabajo, y NARCISO ESTRELLA, demandados y apelantes.

No. 6135.—*Sometido:* Diciembre 7, 1934. *Resuelto:* Febrero 20, 1935.

*Hon. Procurador General Benjamin J. Horton* y *Felipe Janer, Subprocurador,* abogados del Comisionado apelante; *Samuel R. Quiñones,* abogado del apelado.

Eʟ Jᴜᴇᴢ Pʀᴇsɪᴅᴇɴᴛᴇ Sᴇɴᴏʀ Dᴇʟ Tᴏʀᴏ, emitió la opinión del tribunal.

Vicente Géigel Polanco inició este procedimiento de *mandamus* contra el Comisionado del Trabajo Prudencio Rivera Martínez y contra Narciso Estrella, en solicitud del libramiento de un auto dirigido al demandado Rivera Martínez ordenándole que proceda inmediatamente a reponer al peticionario en su cargo de "Abogado, Encargado del Negociado de Protección y Reclamaciones de Salarios" del Departamento del Trabajo o en caso de ser considerado dicho cargo de nueva creación a extender a favor del peticionario el nombramiento correspondiente. Solicitó además el peticionario que como indemnización de daños y perjuicios se ordene al dicho demandado Rivera Martínez que, en su carácter de Comisionado del Trabajo, proceda a extender y a enviar al Auditor de Puerto Rico las nóminas de los sueldos dejados de percibir por el peticionario desde julio 1, 1931, hasta el día de su reposición.

Librado un auto condicional, compareció el demandado Rivera Martínez y excepcionó y contestó la solicitud. En resumen sostuvo la validez de su actuación pidiendo que la solicitud fuera desestimada o declarada sin lugar. El otro demandado Estrella no compareció.

Celebrada la vista, la corte dictó sentencia en los siguientes términos:

"Por los fundamentos de su opinión que obra en autos y se hace formar parte de la presente, la corte dicta sentencia declarando con lugar la petición de *mandamus* en este caso radicada y en su consecuencia ordena que el auto condicional expedido se convierta en perentorio y se expida un auto perentorio de *mandamus* dirigido al demandado Prudencio Rivera Martínez, Comisionado del Trabajo, para que inmediatamente extienda a favor del demandante el nombramiento de Abogado Encargado del Negociado de Protección y Reclamación de Salarios y asimismo proceda a autorizar y enviar al Auditor de Puerto Rico las nóminas correspondientes a los sueldos que el peticionario haya dejado de percibir por concepto de dicho cargo desde el primero de julio de 1931 hasta la fecha en que se

le expida el nombramiento, todo ello sin especial condenación de costas.''

No conforme el demandado Rivera Martínez, interpuso el presente recurso de apelación.

■■ Después de un examen cuidadoso de los autos y de los alegatos, creemos que no hay disputa substancial sobre los hechos. Es sobre las conclusiones legales que de ellos puedan derivarse que el conflicto surge.

Los hechos, en resumen, son así:

El 29 de abril de 1930 (Leyes de 1930, pág. 421) fué aprobada la Ley No. 59 para enmendar ciertas secciones de la Ley No. 35 de 1925 (pág. 201) reorganizadora del Departamento de Agricultura y Trabajo, disponiendo por su sección 5, que la sección 51 de dicha Ley No. 35 de 1925 quedara redactada, entre otros particulares, como sigue:

''El Negociado de Protección y Reclamaciones de Salarios, según ha sido creado por ley, constará del personal siguiente:

''Un Encargado de Reclamaciones, que deberá ser un abogado competente y de integridad, quien recibirá, estudiará y resolverá todas las quejas que se presentaran por obreros o empleados, en contra de patronos que fueran negligentes en el pago de sus salarios o sueldos, o que se hubieren negado a hacer tales pagos; para tramitar tales quejas y reclamaciones y para instituir procedimientos civiles o criminales contra tales patronos, según fuera el caso, en aquellos casos en que tal procedimiento fuera necesario; y para interpretar y fiscalizar contratos de trabajo a salario o aparcerías.'' Leyes de 1930, p. 429.

Y en el presupuesto de 1930 a 1931, o sea, en el del año correspondiente al en que se hizo la enmienda, consta la siguiente asignación:

''División de Reclamaciones de Salarios: Abogado encargado de la División, $1,800.00.'' Leyes de 1930, p. 511.

El peticionario Vicente Géigel Polanco, abogado, fué nombrado el 1°. de julio de 1930 por el Comisionado de Agricultura y Trabajo para desempeñar el cargo de Encargado de Reclamaciones así creado y lo desempeñó hasta junio 30,

1931, habiéndose utilizado sus servicios además como fiscal en todas las denuncias presentadas ante las cortes municipales por infracción de las leyes protectoras del trabajo.

Por ley de febrero 18, 1931, el Congreso de los Estados Unidos creó el Departamento del Trabajo como uno de los Departamentos Ejecutivos de Puerto Rico y el 14 de abril de 1931 el Gobernador de la Isla aprobó la Ley No. 15 de la Legislatura por virtud de la cual quedó debidamente organizado dicho departamento para funcionar independientemente. La sección 1 de dicha ley dice:

"Esta Ley se conocerá y designará con el nombre de 'Ley Orgánica del Departamento del Trabajo de Puerto Rico.'" Leyes de 1931, p. 171.

La séptima dispone:

"El Comisionado del Trabajo queda expresamente autorizado para nombrar todo el personal necesario para la mejor organización y funcionamiento del Departamento." Leyes de 1931, p. 175.

La undécima, en lo pertinente, es como sigue:

"El Departamento del Trabajo constará de las divisiones, negociados y servicios siguientes:

"(g) Negociado de Protección y Reclamaciones de Salarios." Leyes de 1931, p. 177.

La vigésima lee así:

"El Negociado de Protección y Reclamaciones de Salarios, constará de un encargado que deberá ser un abogado competente y de integridad, quien recibirá, estudiará y resolverá todas las quejas y reclamaciones que se presentaren por obreros o empleados incluyendo los de oficios domésticos, en contra de patronos que fueran negligentes en el pago de sus salarios, dietas, jornales o sueldos, o que se hubieran negado a hacer tales pagos; para tramitar tales quejas y reclamaciones y para instituir procedimientos civiles o criminales contra tales patronos, según fuere el caso, y cuando tal procedimiento fuere necesario; para interpretar y fiscalizar contratos de trabajos a salario o bajo el sistema de aparcerías; y para actuar como fiscal especial en cualquier causa criminal que instituyeren ante las cortes

municipales de Puerto Rico, el Comisionado, los agentes de distritos o cualquier otro funcionario del Departamento del Trabajo en casos de infracción de las leyes protectoras del trabajo y de toda aquella legislación el cumplimiento de la cual haya sido encomendado al Departamento del Trabajo. El Comisionado del Trabajo asignará a este Negociado el personal que considere necesario para prestar este servicio.'' Leyes de 1931, p. 183.

Y en el presupuesto de 1931–32, o sea, en el del año correspondiente al de la creación del departamento, se hizo la siguiente asignación:

''Negociado de Protección y Reclamación de Salarios, sueldos: Abogado encargado del Negociado, $1,800.00.'' Leyes de 1931, p. 789.

El 26 de junio de 1931 el Comisionado demandado dirigió al Presidente de la Comisión del Servicio Civil una carta que en lo pertinente, dice:

''Señor:—De acuerdo con el párrafo 9, regla III, de la Ley y reglamentos del Servicio Civil Puertorriqueño, tengo el honor de solicitar autorización para los siguientes nombramientos temporeros en este Departamento, por un período de 90 días, a partir de la fecha en que comiencen a prestar servicios:

''Lcdo. Narciso Estrella Frasqueri, como Abogado Encargado del Negociado de Protección y Reclamación de Salarios, a un sueldo anual de $1,800.00.

''El Lcdo. Estrella Frasqueri informa su preparación académica el ser graduado de Colegio LL. B. LL. M. LL. M. in Diplomacy. Se recomienda por consejo del Sr. Procurador General.

''La jefatura de este Negociado de Protección y Reclamación de Salarios requiere ahora en el nuevo Departamento del Trabajo cualificaciones especiales, precisamente por el carácter del trabajo que tiene a su cargo. Es la práctica del Departamento resolver las reclamaciones hasta donde es posible, por medios persuasivos y diplomáticos, antes que llevar los casos a las cortes; y este candidato ofrece, como ya se ha dicho, estudios especiales en diplomacia. Es además taquígrafo en inglés y español. Practica actualmente su carrera de Abogado Notario. Trabajó en el Gobierno Federal en Washington más de seis años, y ofrece como referencias que pudieran dar el De-

partamento de la Guerra de Washington y el Departamento del Interior de Washington, D. C.''

Esa carta fué contestada por el Presidente de la Comisión en julio 3, 1931, en lo pertinente, como sigue:

''Señor:—En atención a lo solicitado por usted en cartas de junio 26, 1931, y de acuerdo con la Sección IX, Regla III del Servicio Civil de Puerto Rico, tengo el honor de comunicarle que los siguientes nombramientos temporeros han sido autorizados por un término no mayor de noventa (90) días:

''Pendiente de la selección de elegibles de ternas que deben solicitarse lo antes posible en esta oficina:

''Narciso Estrella Frasqueri, como Abogado Encargado del Negociado de Protección y Reclamación de Salarios, con sueldo anual de $1800.

.   .   .   .   .   .   .   .   ,   .

''Todos los citados nombramientos a partir de julio 1, 1931.

''Se concede esta autorización para facilitar la iniciación de funciones perentorias de ese Departamento, pero sobreentendiéndose que los nombramientos temporeros para cubrir las plazas de Abogado Encargado del Negociado de Protección y Reclamación de Salarios; . . . se autorizan con el propósito de que las personas que ocupaban en el anterior Departamento de Agricultura y Trabajo cargos análogos en cuanto atañe a los deberes oficiales, aunque la denominación haya sido cambiada en el presupuesto del Departamento del Trabajo, según dichas personas aducen, y las cuales han interpuesto ante esta Comisión recursos alegando que las plazas son absolutamente idénticas y por consiguiente con derecho a seguir ocupándolas, puedan argumentar ante usted sus alegaciones, y al mismo tiempo, para que este organismo tenga la oportunidad de conocer la opinión que el Procurador General de Puerto Rico emita sobre este asunto que a su estudio va a ser sometido.''

En junio 29, 1931, V. Ramos Rodríguez, Jefe de la División de Propiedad y Cuentas, dirigió una carta al peticionario Géigel Polanco informándole ''que de acuerdo con una notificación recibida del Hon. Comisionado del Trabajo, usted cesará en su cargo en la División del Trabajo mañana treinta de junio,'' y, en efecto, el 30 de junio de 1931 cesó el peticionario en el desempeño de su cargo, pasando a ocu-

parlo con carácter de temporero el otro demandado Narciso Estrella.

El peticionario Géigel Polanco figuraba en la Comisión del Servicio Civil como la única persona elegible para el cargo de abogado en el "registro de reposiciones" y el demandado Narciso Estrella aparecía en el "registro regular de elegibles", para la plaza de abogado. Para aclarar estas conclusiones y poder apreciarlas en su verdadero significado, transcribiremos de la declaración de Félix R. Hilera, Presidente de la Comisión del Servicio Civil, lo que sigue:

"A.—¿Cuántas tarjetas hay en ese registro de reposiciones?—T. —Una.—A.—¿Para el cargo de Abogado Encargado del Negociado de Reclamaciones de Salarios?—T.—El cargo de abogado es uno. . . En el cargo en sí, la cualificación de abogado es una que se presta a ocupar cargos de una manera general. Por ejemplo, cualquier puesto en el Gobierno en que se requieran conocimientos legales, generales, y una instrucción adecuada al conocimiento de derecho, indudablemente que se pueden certificar elegibles que tengan la cualificación de abogados. De manera que la tarjeta de elegible por reposición del Lcdo. Géigel la tenemos en un registro que se llama de abogados y podemos certificarlo para cualquier puesto de esa naturaleza en cualquier oficina del Gobierno.—A.—¿Cuántas tarjetas más hay en el registro de reposiciones para el cargo de abogado?— T.—En el registro de reposiciones hay esa solamente.—A.—¿Esa únicamente?—T.—Sí, señor.— . . . —A.—El señor Estrella, o sea el codemandado en este caso, en la época en que el Comisionado del Trabajo solicitó autorización de la Comisión de Servicio Civil para hacer el nombramiento era un elegible a la plaza de abogado encargado de reclamaciones en el Departamento del Trabajo, o no? O sea, si podía o no ser nombrado para la plaza en que fué nombrado.—. . . —T.—El señor Estrella Frasqueri era elegible para un puesto de abogado y su nombre constaba en el registro regular de elegibles para plazas de abogado.—A.—¿Y siendo un elegible para plaza de abogado y constando su nombre en la Comisión del Servicio Civil para tal fin, podía ser nombrado para la plaza de Abogado Encargado del Negociado de Reclamaciones en el Departamento del Trabajo?— T.—El señor Narciso Estrella Frasqueri no estaba en turno para ser certificado para ese puesto.—A.—La pregunta mía no es precisamente si estaba en turno, sino si siendo elegible podía ser nombrado.— T.—Se puede ser elegible y no certificable a un departamento para

nombramiento, y en el caso del señor Narciso Estrella era elegible pero no podía ser certificado por la razón de que no le había llegado su turno.—. . .—A.—. . . En el expediente personal de Narciso Estrella dice en la tarjeta que tiene el testigo en la mano, en uno de los encasillados, 'PSE.' Sírvase explicarle al Tribunal qué significa eso.—T.—En la tarjeta, que constituye el Récord de Servicio de Narciso Estrella Frasqueri, en la quinta columna, encabezada 'Examination,' 'Examen,' las iniciales 'PSE' significan 'Pending the selection of an elegible,' o sea 'Pendiente de la Selección de un Elegible.' ''

En el juicio declaró el peticionario:

''Requerí verbalmente al Comisionado del Trabajo para continuar en el cargo por entender que era la misma plaza: el nombre de la plaza no ha sido cambiado en la nueva ley; es idéntica en funciones, en sueldo y en categoría, y yo entendía que la circunstancia de que se hubiera cambiado el nombre del Departamento a virtud de la Ley del Congreso, no cambiaba la plaza, y que para poderme separar de ella era necesario que se formularan cargos, y como no existían cargos contra mí, alegué que tenía derecho a seguirla desempeñando, y aun cuando se considerara una nueva plaza, por haberse dividido el Departamento de Agricultura y Trabajo en dos departamentos, son las plazas iguales en nombre, categoría y sueldo, y suponiendo que se considerara de nueva creación, le alegué que me asistía un derecho preferente a seguirla ocupando. Basado en esos razonamientos le requerí para seguir desempeñando la plaza o que se me extendiera el nuevo nombramiento, y él se negó a ello.''

También acudió el peticionario a la Comisión del Servicio Civil y el 21 de octubre de 1931, dirigió al Comisionado del Departamento del Trabajo una carta que dice:

''Acabo de enterarme en el Departamento de Justicia que la consulta que formulara la Comisión del Servicio Civil Puertorriqueño, en relación con el derecho preferente que me ha asistido en todo momento para ocupar el cargo de Abogado, Encargado del Negociado de Protección y Reclamaciones de Salarios del Departamento del Trabajo, ha sido resuelta favorablemente.

''En tal virtud, y como tengo conocimiento de que usted se propone embarcar en breve hacia los Estados Unidos, me apresuro a requerirlo de nuevo para que se me reintegre al cargo precitado y se me satisfagan los haberes correspondientes a los meses de julio,

agosto, setiembre y octubre del cursante año, a los cuales tengo derecho por razón de la separación ilegal de que fuí objeto.''

Esa carta fué contestada por el Comisionado, como sigue:

''Refiriéndome a su comunicación del 21 de los ctes., tengo el gusto de informarle que tan pronto tengamos información oficial en este Departamento en relación con el asunto a que su comunicación se refiere, tendremos el gusto de comunicarle la acción adoptada por este Departamento.''

Parece que la opinión del Departamento de Justicia no llegó en verdad a emitirse y fué entonces que el peticionario se decidió a acudir a los tribunales pidiéndoles que declararan la existencia de sus derechos y los hicieran valer.

La petición comprende tres extremos, los dos primeros en forma alternativa, a saber: reposición o nuevo nombramiento, y el último, indemnización, como consecuencia de cualquiera de dichos pronunciamientos.

A nuestro juicio la primera contención del peticionario no es sostenible de acuerdo con los hechos y la ley. Así lo decidió la propia corte sentenciadora que resolvió el caso finalmente en su favor.

El cargo que desempeñaba el peticionario dejó de existir con la ley de su creación. El Departamento del Trabajo surgió a la vida como tal a virtud de Ley del Congreso de febrero 18, 1931 y fué organizado para actuar independientemente por Ley de la Legislatura de abril 14, 1931, quedando su Comisionado, como sabemos, expresamente autorizado para nombrar todo el personal necesario para su mejor funcionamiento. Es cierto que la labor que se le encomendó se venía realizando con anterioridad en gran parte por el Departamento de Agricultura y Trabajo que creara el Acta Orgánica de 1917, y que el cargo de Abogado del Negociado de Protección y Reclamaciones de Salarios que figura en la nueva organización es similar al de la antigua, pero ello no implica necesariamente que se trate del mismo cargo.

Ahora bien, el nuevo departamento habría de desenvolverse dentro de un gobierno de ley preexistente y por tanto

con sujeción a las leyes generales en vigor que le fueren aplicables, una de las cuales lo era la del Servicio Civil de 1907 (Comp. 304) en cuya sección 5 se encuentra prescrito lo que sigue:

"En caso de que una plaza quede abolida en virtud de acción legislativa o administrativa, el empleado que la desempeñaba al tiempo de su abolición, continuará siendo elegible para plazas semejantes y tendrá preferencia al proveerse la primera vacante que en dichas plazas ocurra."

En cumplimiento de ese precepto legal la Comisión del Servicio Civil conservó al peticionario no ya en el Registro de Elegibles si que en el de Reposiciones y como era el único que en él existía tenía el Comisionado demandado el claro deber de nombrarlo para el cargo semejante de nueva creación de su Departamento que, técnicamente, de acuerdo con la jurisprudencia (22 R.C.L. 437) debía considerarse vacante, con preferencia a cualquiera otra persona, ya que no existía queja alguna contra él y había desempeñado con éxito en la práctica los nuevos deberes que se asignaron por la ley al cargo.

Decidido este extremo, veamos ahora si puede ordenarse al demandado Rivera Martínez que, en su carácter de Comisionado del Trabajo, autorice y envíe al Auditor de Puerto Rico las nóminas correspondientes a los sueldos que el peticionario ha dejado de percibir como le ordena la sentencia recurrida.

A nuestro juicio no puede. El demandado no fué separado ilegalmente de su cargo. El cargo dejó de existir. Es cierto que hemos reconocido su derecho a ser nombrado, pero sólo a partir del nombramiento es que puede devengarse el salario. Además aunque no fuera ello así y el caso del peticionario pudiera equipararse al de una separación ilegal, nos encontramos con que otra persona fué nombrada para el cargo y percibió los sueldos, y el peso de las autoridades se inclina a nuestro juicio a sostener que en tal caso el Pueblo no debe ser obligado a satisfacer dos veces el mismo sueldo.

El perjuicio causado debe resarcirlo el funcionario que actuó ilegalmente o el que indebidamente percibió el salario.

"Corpus Juris" resume la jurisprudencia aplicable como sigue:

"De acuerdo con una serie de decisiones, el recurso de mandamus no procede para obligar que se pague el sueldo de un funcionario *de jure* a quien se ha impedido que cumpla con los deberes del cargo, cuando ya se ha efectuado el pago a otra persona que ejerce las funciones del puesto como un funcionario *de facto*, siendo el remedio adecuado una acción de daños y perjuicios contra el usurpador, acción en la cual el importe de sueldos, de no ser la cuantía de los daños y perjuicios, puede por lo menos ser considerado en su fijación. Otras decisiones sostienen que cuando se ha privado ilegalmente de su cargo a un funcionario *de jure,* el recurso de mandamus procede para obligar a que se le pague el sueldo, no obstante haberse pagado ya éste a un funcionario *de facto* que desempeñó los deberes del cargo;. . ." 38 C. J. 718.

*Debe revocarse la sentencia recurrida en cuanto ordena la expedición de nóminas para el pago de sueldos del peticionario y confirmarse en cuanto a sus otros pronunciamientos.*