Luis Colón Medina, demandante y apelado, *v.* Santiago Iglesias, Jr., en su carácter de Comisionado Interino del Trabajo, demandado y apelante.

Núm. 9000.—*Sometido:* Diciembre 11, 1945. *Resuelto:* Abril 20, 1945.

*Hon. Procurador General Interino Jesús A. González, Fernando B. Fornaris* y *G. Benítez Gautier, Procuradores Generales Auxiliares,* abogados del apelante; *René Benítez,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En la petición radicada ante la Corte de Distrito de San Juan se alega que el peticionario fué nombrado en abril 22 de 1936, con carácter permanente, para el cargo de "Inspector de Higiene y Seguridad Industrial" del Servicio de Supervisión Industrial del Departamento del Trabajo, comprendido dentro del Servicio Civil Clasificado; que en junio 22 de 1942, el demandado notificó al peticionario que a partir del día 30 del mismo mes quedaría cesante, por no aparecer el mencionado cargo en la Ley de Presupuesto para el año 1942-43; que si bien en la Ley de Presupuesto no se consignó el cargo que ocupaba el peticionario, en ella se aumentó la partida consignada en el presupuesto anterior para los cargos de "Supervisores de Distrito" y se crearon quince plazas adicionales con esa misma denominación; que los deberes, responsabilidades y autoridad correspondientes al cargo que ocupaba el peticionario, son iguales a los de las nuevas plazas de supervisores de distrito; que la eliminación del cargo del peticionario fué hecha con el propósito de evadir las leyes y reglamentos del Servicio Civil; que aún cuando las nuevas plazas no fueran idénticas a la que ocupaba el peticionario, éste tiene derecho a ser restituído y nombrado "Supervisor de Distrito", de conformidad con lo dispuesto por la Ley del Servicio Civil; que en julio 7 de

1942 el peticionario se dirigió al Comisionado del Trabajo, solicitando se le nombrara para una de las nuevas plazas y el Comisionado se negó y se niega a acceder a lo solicitado; y que el peticionario se ha visto privado del sueldo correspondiente al cargo de que fué ilegalmente separado. Solicitó el peticionario se expidiese auto de *mandamus* ordenando al Comisionado que inmediatamente le diese posesión del cargo de Supervisor de Distrito y expidiese las nóminas correspondientes desde junio 30 de 1942 hasta la fecha en que el peticionario tomara posesión de su nuevo cargo.

Expedido el auto en forma condicional, compareció el demandado y radicó una contestación en la cual negó específicamente, por falta de información, las alegaciones esenciales de la petición. Y como defensas especiales, alegó: (*a*) que los deberes de la plaza que ocupaba el peticionario, son enteramente distintos a los de las nuevas plazas de Supervisores de Distrito; (*b*) que el peticionario fué separado de su cargo por acción legislativa, al dejarse de consignar en el Presupuesto la plaza que antes ocupaba; (*c*) que la petición no aduce hechos suficientes para que la corte pueda ejercer su jurisdicción, pues no se alega que el peticionario hubiese tomado y aprobado el examen requerido por la ley para poder ser incluído dentro del Servicio Civil Clasificado; y (*d*) que la corte no debe intervenir hasta que el peticionario haya agotado los remedios que le concede la Ley del Servicio Civil.

El Comisionado del Trabajo ha apelado de la sentencia por la cual se le ordena que dé posesión al peticionario del cargo de Supervisor de Distrito y se le condena al pago de las costas.

■■ Alega el apelante que la corte inferior erró al determinar que la abolición de los cargos de Supervisores de Higiene y Seguridad Industrial, la creación de los cargos adicionales de Supervisores de Distrito, y el nombramiento de empleados temporeros para dichos nuevos cargos, constituye una destitución ilegal del peticionario.

La evidencia admitida por la corte inferior demuestra fuera de toda duda que el peticionario fué nombrado con carácter permanente para el cargo de Inspector de Seguridad Industrial e Higiene, después de haber aprobado el examen requerido por la ley; y que en la fecha en que se celebró la vista, los nuevos cargos de Supervisores de Distrito estaban ocupados por empleados temporeros, quienes fueron nombrados el primero de julio de 1942, fecha en que empezó a regir el presupuesto para el año 1942-43.

Declaró el peticionario, que el trabajo que él realizaba como inspector de seguridad industrial e higiene era el de investigar las construcciones, establecimientos comerciales e industriales, para hacer que los patronos cumplieran con las leyes sobre andamios, horas y salarios y demás leyes para la protección de los obreros; que durante agosto y septiembre de 1941 estuvo en Ponce, actuando como Supervisor de Distrito, y que el trabajo que realizaba como tal supervisor era idéntico al que acostumbraba hacer en el cargo permanente que ocupaba. Las copias de los informes diarios rendidos por el peticionario, como Inspector de Seguridad Industrial e Higiene y por los nuevos Supervisores de Distrito establecen claramente la identidad entre las funciones desempeñadas por todos ellos. El testigo Tomás Medina Benet, director del Servicio de Supervisión Industrial, declaró que el trabajo que ahora realizan los nuevos Supervisores de Distrito es el mismo que antes hacían los Inspectores de Higiene y Seguridad Industrial, o sea velar por el cumplimiento de las leyes obreras. El testigo Nicolás Lecároz, Subcomisionado del Trabajo, hizo esfuerzos para establecer distinciones entre las funciones de unos y otros cargos, pero terminó admitiendo que las que antes desempeñaban los Inspectores de Higiene y Seguridad Industrial son desempeñadas ahora por los Supervisores de Distrito, quienes desempeñan algunas funciones adicionales de menos importancia,

Tras un detenido estudio de toda la prueba opinamos que la corte inferior no erró al resolver que las obligaciones de los cargos abolidos y las de los de nueva creación son iguales, pues todas ellas conducen a un mismo fin, que es el de proteger los derechos de los obreros y ver·que los estatutos promulgados para su protección sean cumplidos. Convenimos con la corte inferior en que si una persona reúne las calificaciones necesarias para poder determinar si las leyes sanitarias y las de seguridad industrial han sido cumplidas, esa persona debe estar capacitada para investigar cuestiones más fáciles, tales como si los obreros trabajan más de ocho horas, si reciben el salario legal mínimo o si hay menores trabajando en contra de la ley. Véase: *Ackerman* v. *Kern*, 22 N. E. (2d) 247.

Habiendo llegado a la conclusión de que la diferencia entre el cargo abolido y el nuevo está más bien en la denominación que entre las funciones, deberes y atribuciones de· uno y otro, nos toca ahora considerar y resolver qué derecho, si alguno, tiene el peticionario a que se le designe preferentemente para una de las nuevas plazas de supervisor de distrito.

La sección 18 de la Ley del Servicio Civil de Puerto Rico, dispone que "Siempre que cualquier empleado del servicio clasificado, quien haya desempeñado satisfactoriamente sus deberes . . . cese a causa de falta de fondos . . . y esté dispuesto a presentarse a rendir servicios en una plaza disponible, . . . o si hubiere sido separado por cualquier motivo salvo la comisión de algún delito o mala conducta, podrá conseguir, mediante consentimiento de la Comisión de Servicio· Civil y del departamento en que estuvo colocado, que su nombre sea incluído en el registro de reposiciones de la correspondiente clase, a los fines de la consiguiente reposición cuando ocurran vacantes en la mencionada clase". La sección 22 de la misma ley, dispone que "Siempre que vacare un cargo en el servicio·clasificado, la autoridad nominadora, si deseare

cubrir dicha vacante, enviará petición de terna a la Comisión de Servicio Civil''; y que ''la Comisión certificará no más de los tres primeros nombres de personas que estén dispuestas a aceptar nombramiento, de la correspondiente lista de reposición para la clase a que haya sido asignado el cargo vacante''. Es cuando no existe una lista de reposición que la Comisión puede certificar una terna de personas en la lista de elegibles para una clase determinada. La sección 24 de la Ley, provee que solamente cuando sea necesario para evitar la paralización de servicios públicos o para no ocasionar inconvenientes al público, ''pero no bajo ninguna otra circunstancia'', la Comisión podrá hacer nombramientos temporeros, ''ínterin se establece un registro de reposiciones o de elegibles''.

Esta Corte Suprema ha reconocido y sostenido en varias de sus decisiones el derecho de todo empleado comprendido dentro del servicio civil clasificado, a no ser separado del servicio bajo el pretexto de que el nombre del cargo que ocupaba ha sido cambiado en el presupuesto. *Géigel Polanco* v. *Rivera, Comisionado,* 48 D.P.R. 124; *Rosario* v. *Cuevas,* 60 D.P.R. 470; *Ernesto Cruz Andréu* v. *Buscaglia,* 61 D.P.R. 737.

En *People* v. *Williams,* 107 N. E. 49, la Corte de Apelaciones de Nueva York, al confirmar una sentencia de mandamus ordenando la reposición de un empleado, por voz del Juez Sr. Cardozo, se expresó así:

''. . . La Regla 19 de la Comisión de Servicio Civil municipal dispone que cuando la terminación de un empleo se debe a una reducción del número de empleados, la persona afectada, si ha estado empleada por un período mayor de un mes, 'se considerará como suspendida de tal empleo, y será incluída en una lista preferente para su reposición, si sus servicios fueren necesitados de nuevo.' Creemos que si una nueva plaza, similar a la del peticionario, fué creada al mismo tiempo en que la del peticionario fué abolida, el Comisionado está obligado, al cubrir la nueva plaza, a preferir al peticionario sobre todos los demás. La ley no le permitirá que, con

el propósito de remover al peticionario para colocar a otro en su lugar, reduzca las plazas con una mano y las aumente con la otra.''

En el caso de autos no se trata de una reducción en el número de empleados y sí de un mero cambio del nombre de una plaza ocupada por un empleado permanente y de la creación de quince plazas nuevas, con los mismos deberes, facultades y responsabilidades del cargo anterior. El propósito fundamental de las leyes de Servicio Civil es asegurar la permanencia en el servicio público de funcionarios fieles y competentes, sin exponerlos a ser separados de sus cargos, sin causa justa y suficiente, para ser sustituídos por otros en obediencia a las exigencias de la política. Ya hemos resuelto en *Rosario* v. *Cuevas, Comisionado,* supra, que cuando se suprime un cargo y en seguida se crea otro bajo una nueva designación, pero con iguales deberes que el anterior, las cortes deben amparar al funcionario o empleado perjudicado. *State* v. *Seattle,* 83 Washington 91, 145 Pac. 61.

*La sentencia recurrida debe ser confirmada.*