EDUVIGIS CRUZ RODRÍGUEZ, demandante y apelante, *v.* ANTONIO FERNÓS ISERN, en su carácter de Comisionado de Sanidad de Puerto Rico, demandado y apelado.

Núm. 9354.—*Sometido:* Abril 1, 1947. *Resuelto:* Abril 22, 1947.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelante; *Hon. Procurador General Interino Luis Negrón Fernández, (E. Campos del Toro, ex Procurador General,* en el alegato)* y *Carlos Santana Becerra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1943 la peticionaria, Primera Oficinista en el Servicio Civil Clasificado Permanente, ocupaba la plaza de Oficial de Requisiciones y Encargado de Suministros, en el Hospital de Distrito de Bayamón, con un haber anual de $1,020. El 22 de junio de 1943 el demandado le notificó que cesaba en dicha plaza el día 30 de junio de 1943 por el motivo de no haber sido incluída su plaza en el presupuesto de 1943–44.

Radicó la peticionaria esta solicitud de *mandamus,* alegando que al cesar en su plaza ella era elegible para ocupar, en el Hospital de Distrito de Bayamón, las plazas de (1) Secretaria para el Gerente Comercial, con sueldo anual de $900, (2) Oficinista-Taquígrafa del Departamento de Patología, con sueldo anual de $720, (3) Oficinista para el Departamento de Pacientes del Dispensario, con sueldo anual de $720, y (4) Oficinista-Taquígrafo para el Departamento Social, con sueldo anual de $720. Alegó que estas plazas existían el 30 de junio de 1943, existen ahora, y han sido cubiertas por empleados temporeros, sin *status* dentro del servicio civil clasificado, en violación de la Regla 40 de la Comisión de Servicio Civil, en virtud de la cual tenía derecho a que se le nombrara para uno de estos cargos. Solicitó la peticionaria que se ordenara al demandado que la nombrara para cubrir una de estas plazas. Después de una vista en los méritos, la corte inferior dictó sentencia a favor del demandado, apelando la peticionaria.

Este no es un caso en que la peticionaria alega que tiene derecho a que se le reponga en el mismo puesto con el mismo sueldo, por el motivo de no haberse eliminado de hecho su plaza. *Cf. Colón* v. *Iglesias,* 64 D.P.R. 851, y ca-

sos allí citados. Aquí se admite su cargo fué eliminado. La única cuestión envuelta es si bajo la Regla 40 la peticionaria tiene derecho a que se le nombre para ocupar alguna de las otras plazas a las cuales es elegible y que están siendo desempeñadas por otras personas.

La corte inferior resolvió que bajo la Regla 40 el único derecho de la peticionaria era que se le incluyera en la correspondiente lista de reposiciones, de suerte que se pudiera certificar su nombre para cualquier puesto al cual tuviera elegibilidad. La peticionaria se negó a llenar los impresos que la hubieran incluído en la lista de reposiciones, por el fundamento de que tenía derecho, de acuerdo con la Regla 40, a ser nombrada para una de las plazas ya mencionadas. Y notamos de paso que el récord demuestra que algunos de estos puestos estaban cubiertos en agosto, 1943 por empleados temporeros con la aprobación de la Comisión de Servicio Civil. Si la peticionaria no se hubiera negado a que se incluyera su nombre en la lista de reposiciones, quizás hubiera tenido derecho a que se le ofreciera una de estas plazas.

Convenimos, según resolvió la corte inferior, en que la Regla 40(1) sencillamente establece el orden en que los empleados de la *misma* categoría serán separados del servicio por falta de trabajo o falta de fondos. Si como en este caso

---

(1)La Regla 40 dispone como sigue: ''En caso de ser necesario en algún departamento, por falta de trabajo o falta de fondos o por otras causas, reducir el número de empleados en cualquier clase determinada, los empleados menos eficientes, según lo demuestre la calificación por servicios prestados durante el período de doce meses inmediatamente precedentes a la fecha del cese, serán los primeros en ser separados; *Disponiéndose, sin embargo,* que los empleados temporeros, provisionales o temporales, si hubiere algunos, serán separados en primer *término* y en el *orden* estipulado, a menos que a solicitud del jefe de departamento u oficina, la Comisión dispusiere otra cosa. A falta de calificaciones satisfactorias por concepto de servicios se harán las separaciones en orden inverso al de antigüedad, de modo que la persona últimamente nombrada en la clase será la primera en cesar. Los nombres de las personas que sean separadas de acuerdo con esta regla serán colocados en el correspondiente registro de reposiciones de la clase, conforme a las calificaciones por servicios o, a falta de éstas, de acuerdo con sus respectivos períodos de servicio. Tales personas serán elegibles a reposición, según se dispone en la Regla XV.''

no hay controversia en cuanto a no haber fondos bien para la plaza que ocupaba la peticionaria o para una de la misma categoría, el único derecho que asiste a la peticionaria bajo la Regla 40 es que se le incluya en una lista de reposiciones y ser elegible a reposición según dispone la Regla 15.([2])

La peticionaria sostiene en efecto que tiene derecho bajo la Regla 40 a desplazar a cualquier persona que ocupe una plaza inferior a la que ella ocupaba antes de eliminarse ésta, si es elegible a dicha plaza. Pero la Regla 40 no contempla el que cualquier empleado con clasificación de Primer Oficinista pueda, en caso de eliminarse su plaza por falta de fondos, escudriñar todo un Departamento para establecer que él ha sido más eficiente o es más antiguo que algún empleado de segundo o tercer grado, o que una plaza de segundo o tercer grado está siendo desempeñada por un empleado temporero y el empleado tiene derecho a reemplazar al temporero. Si interpretáramos la Regla 40 en esta forma crearíamos un caos administrativo. Cada vez que la Legislatura elimina una plaza se requerirían innumerables traslados en otras.

La Regla 40 más bien dispone que si algunos empleados de la *misma* clase o categoría han de retenerse y otros separarse debido a falta de trabajo o falta de fondos, aquéllos a ser separados deben seleccionarse siguiendo las normas establecidas en la Regla 40. La peticionaria en este caso no probó que existían otras plazas de la misma categoría a la que ella desempeñaba, a las cuales tuviera derecho debido a permanencia, eficiencia o antigüedad, según dispone la Regla 40. Su único derecho bajo dicha Regla 40 era, por tanto,

([2])La Regla 15 dispone en parte como sigue: ''Siempre que un empleado permanente que ocupe un cargo en el servicio clasificado y haya cumplido sus deberes satisfactoriamente fuere dejado cesante sin falta por su parte o le haya sido autorizada una licencia y dicho empleado esté dispuesto a reasumir sus deberes en cualquier cargo vacante en su clase, o que haya renunciado su cargo en buenos términos o que en alguna otra forma haya sido separado del servicio sin culpa de su parte, la Comisión mediante solicitud escrita de dicho empleado y con el consentimiento del Departamento en que estuvo colocado, hará que su nombre sea incluído en el registro de reposiciones de la clase correspondiente.''

que se le incluyera en la lista de reposiciones, para ser repuesta de acuerdo con la Regla 15. Y como hemos visto la peticionaria rehusó acogerse a este derecho.

*La sentencia de la corte de distrito será confirmada.*