JUAN B. MATOS, demandante y apelante, *v.* AUGUSTO VEVE, MÁRSHAL DE LA CORTE DE DISTRITO DE HUMACAO, demandado y apelado.

No. 6500.—*Sometido:* Marzo 13, 1934. *Resuelto:* Marzo 16, 1934.

*Burset & Pérez Pimentel,* abogados del apelante; *M. García González, Fiscal del Distrito de Humacao* y *Tomás Torres Pérez, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan B. Matos fué nombrado conserje interino de la Corte de Distrito de Humacao por el márshal de la misma en julio 23 de 1931. Fué separado del cargo el 31 de marzo de 1932.

Posteriormente, el juez de distrito declaró sin lugar una petición de *mandamus* por él presentada.

La sección 6 de la Ley de Servicio Civil (Leyes de 1931, página 539) dispone que toda persona que desempeñe un cargo o destino en el servicio civil clasificado al tiempo en que esa ley empezó a regir, continuará en el desempeño del mismo. La sección 28 habla de causas justificadas, de la formulación de cargos y de oportunidad para ser oídos como requisitos previos a la destitución de tales empleados. De conformidad con las disposiciones de la sección 5, todos los empleados del Gobierno Insular que no están específicamente incluídos en la sección 4, pertenecen al servicio clasificado. Los empleados temporeros no están incluídos específicamente en la sección 4. Sin embargo, la sección 24 dispone que:

"Todos los nombramientos temporeros continuarán solamente hasta que sean establecidos los registros de reposiciones o los de elegibles, y en ningún caso deberán prolongarse tales nombramientos por más de cuatro meses, en total, ni se hará más de un nombramiento provisional a favor de una persona, ni servirá ésta más de cuatro meses como empleado provisional durante un año económico, salvo por autorización expresa de la Comisión."

Interpretando estas secciones conjuntamente, cada una a la luz de la otra, convenimos con el criterio de la corte de distrito al efecto de que los requisitos exigidos por la sección 28 respecto a causas justificadas, la formulación de cargos y la vista, no son aplicables a un nombramiento temporero, luego de expirado el período de cuatro meses, contado a partir de la fecha en que se hizo el nombramiento. En ninguna otra forma podría darse efecto absoluto a las disposiciones de la sección 24, perceptiva de que en ningún caso los nombramientos temporeros se prolongarán por más de cuatro meses, en total, y de que ninguna persona recibirá más de un nombramiento temporero ni servirá más de cuatro meses como empleado provisional durante un año económico.

*La sentencia apelada debe ser confirmada.*