JUAN NEVARES SANTIAGO, peticionario y apelante, *v.* EDMUND STEVENS, JOAQUÍN A. BURSET, ENRIQUE GATELL, JOSÉ DÁVILA RICCI, LUIS RECHANI AGRAÍT, en su carácter ·de miembros de la Comisión Hípica Insular, demandados y apelados.

Núm. 7090.—*Sometido:* Marzo 9, 1937. *Resuelto:* Marzo 14, 1938.

834

*Gilberto Concepción de Gracia, Luis Venegas Cortés* y *Carlos D. Santana,* abogados del apelante; *Hon. Procurador General B. Fernández García* y *T. Torres Pérez, Subprocurador,* y *Diego O. Marrero,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El presente recurso de apelación fué interpuesto contra la negativa de la Corte de Distrito de San Juan a expedir un auto de *mandamus.* Según declaró sustancialmente el juez de dicha corte, en 20 de febrero de 1934, Juan Nevares Santiago fué nombrado por la Comisión Hípica Insular para que actuara como jurado en el Hipódromo Las Monjas durante el período comprendido entre el 20 de febrero y el 30 de junio de 1934, con el sueldo correspondiente. De ordinario, las personas designadas lo eran por el término de seis meses.

En 9 de julio de 1934 la comisión adoptó un convenio mediante el cual todos los empleados de los hipódromos Las Monjas y Quintana, desde el primero de julio hasta el 30 de diciembre de 1934, debían continuar actuando como tales con

carácter de temporeros. El día 15 de octubre del referido año, la comisión dictó una orden reorganizando el jurado en el sentido de tener uno solo para ambos hipódromos y resolvió que el peticionario debía cesar en su empleo, orden que debía tener efecto a partir del 16 de octubre del ya mencionado año.

El peticionario alegó que fué designado para el período que vencía en 30 de diciembre de 1934, y que la orden de 15 de octubre de 1934 que le dejaba cesante era nula y carecía de todo efecto legal. La teoría del peticionario fué que a él se le dejó cesante sin la formulación de cargos, sin notificársele y sin celebrarse una vista, todo ello en violación del artículo 6, inciso 4, de la Ley Hípica de 1932, que lee así (Leyes de ese año, pág. 195) :

"La Comisión Hípica Insular podrá remover a cualquier funcionario o empleado que sirviere en alguna capacidad en los hipódromos por ineficiencia, negligencia en el cumplimiento de su deber o mala conducta en el desempeño de sus funciones, dándole una copia de los cargos que existen contra él y una oportunidad de ser oído en persona o por medio de abogado en su propia defensa dentro de los diez (10) días siguientes a la fecha de la notificación de los cargos."

El peticionario también alegó que su nombramiento era permanente; que el puesto fué creado con derecho a removérsele solamente mediante la formulación de cargos, y que la comisión no tenía autoridad para consolidar los jurados, para abolirlos, ni para limitar el período de sus servicios, excepto en la forma expresada.

La corte resolvió en efecto que toda vez que el nombramiento era temporero, y no de naturaleza permanente, el artículo arriba citado no era aplicable, citando por analogía el caso de *Matos* v. *Veve*, 46 D.P.R. 356.

La corte dijo además:

"La ley establece que la Comisión 'nombrará para cada hipódromo en explotación tres jueces, quienes formarán el jurado', a los cuales les fijará además sus deberes y compensación. Los jurados no son pagados por las corporaciones explotadoras de los hipódromos,

de manera que haya necesidad de nombrarse un cuerpo de jurados para cada hipódromo, sino de los fondos de la Comisión, y el hecho de que se nombren los mismos jurados para dirigir las carreras que se celebren en los hipódromos Las Monjas y Quintana, no implica una consolidación de cargos de jurados de ambos hipódromos, ni abolición de los mismos para crear nuevos cargos. El caso de *Romero Moreno v. Gore, Gobernador,* 46 D.P.R. 408, no es aplicable, por ser los hechos distintos, pues en él se trataba de un cargo fijado en presupuesto de la Comisión de Servicio Público y ocupado por un ingeniero, empleado dentro del Servicio Civil Clasificado, y el Gobernador lo abolió, eliminándolo, para que el servicio se realizara por un ingeniero del Departamento del Interior; y en ese caso se resolvió que la facultad del Gobernador para transferir o destinar un negociado o cargo del Gobierno Insular a cualquier departamento del mismo, estando en receso el Senado, no envolvía la facultad de abolir o suprimir esa agencia de la administración, y que, por tanto, al actuar así el Gobernador y separar al incumbente del servicio, había actuado arbitrariamente y contra ley.''

■ La parte apelada también solicita la desestimación del recurso por haberse convertido el mismo en académico, puesto que el período durante el cual debía surtir efecto el nombramiento ya ha expirado. Esta contención puede desestimarse a base de que el recurrente todavía tendría algún derecho a su sueldo.

■ Convenimos con los apelados en que no se necesitaban cargos específicos; que el nombramiento no era de naturaleza permanente; que como no se fijó término alguno la comisión tenía derecho a fijar uno. Cuando no se define el término, el poder nominador tiene derecho a fijarlo.

Hubo una época en Puerto Rico en que el término era fijado y la omisión del mismo en las leyes posteriores tiende a demostrar la libertad concedida a la comisión.

Discutiremos brevemente los errores señalados.

La corte no resolvió, como sostiene el apelante, que para que la corte pudiera intervenir a su favor, el peticionario tenía que demostrar que su cesantía se debió a razones políticas o religiosas. Esto resuelve el primer señalamiento.

Se admite que no existía ley que otorgara a la comisión el derecho a fijar el término de los distintos cargos, más como no hubo prohibición alguna resolvemos que esta facultad era inherente en la referida comisión. Si fijaba un período de seis meses ella tenía tal poder y también la facultad de variarlo. Cuando la comisión ordenó que el peticionario actuara con carácter temporero, lo que se hizo fué un nombramiento temporal.

El nombramiento original por el término de seis meses venció. El peticionario no estaba desempeñando el cargo después de vencido su término (*hold-over*), aún suponiendo que un nombramiento por seis meses fuera considerado como permanente.

Resolvemos que el nombramiento por seis meses de por sí no creó derechos especiales que impidieran la remoción del peticionario. La regla general es que, en ausencia de una ley o disposición en sentido contrario, la facultad de hacer nombramientos incluye la facultad de dejar cesantes a las personas designadas.

No existía disposición en contrario. La naturaleza de las carreras de caballos exige que la comisión tenga un "control" mayor que de ordinario. Esto, en esencia, resuelve todos los otros señalamientos que consideramos prudente discutir.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.