Luis E. García, peticionario y apelante, *v.* Rafael de J. Cordero, en su carácter de Administrador del Fondo del Estado, Etc., y Alfonso Alfonzo, querellados y apelados.

Núm. 8618.—*Sometido:* Abril 13, 1943.· *Resuelto:* Julio 7, 1943.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos* y *R. García Cintrón, Procurador General Auxiliar,* abogados del Administrador del Fondo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Luis E. García solicitó que la Corte de Distrito de San Juan expidiera un auto de *mandamus* ordenando a Rafael de J. Cordero, en su carácter de Administrador del Fondo del Seguro del Estado dar posesión y permitir al peticionario desempeñar las funciones de su cargo como Jefe de la División de Seguros de dicho Fondo, y para que proceda a ordenar la expedición de las nóminas correspondientes a los sueldos que ha dejado de percibir el peticionario desde noviembre 12 de 1941, fecha en que alega el peticionario fué separado de su cargo por el querellado sin la previa formulación de cargos, sin haber sido oído en defensa propia y sin previa investigación de la Comisión de Servicio Civil, todo ello en violación de los derechos que alega le son concedidos por la Ley de Servicio Civil vigente. La corte inferior dictó sentencia desestimando la petición de mandamus.

No conforme con dicha sentencia el peticionario apeló y alega que la corte inferior erró al permitir, contra la objeción del peticionario, evidencia para determinar si el título *prima facie* que claramente gozaba el empleado en la Comisión de Servicio Civil, como empleado permanente en el Servicio Civil Clasificado, era válido; al considerar que a base de la resolución emitida en 26 de febrero de 1932 por la Comisión de Servicio Civil de Puerto Rico era que el peticionario venía desempeñando el cargo de Jefe de la División de Seguros del Fondo del Estado con carácter permanente y como empleado en el Servicio Civil Clasificado; al interpretar el caso de *Matos* v. *Veve,* 46 D.P.R. 356, y la aplicación

del mismo al presente y, al permitir que el demandado atacara colateralmente las actuaciones de la Comisión de Servicio Civil y concluyera que dicha Comisión erró al declarar al peticionario empleado permanente en el Servicio Civil Clasificado en su plaza de Jefe de la División de Seguros del Fondo del Seguro del Estado.

■ Para sostener su primer señalamiento se basa el apelante en la monografía que bajo el título de "Right to Attack Prima Facie Title of Relator in Mandamus to Obtain Office", aparece en L.R.A. 1915 A, pág. 832 *et seq*. La regla general allí expuesta es la siguiente:

"La regla general establecida por el gran peso de las autoridades es que procede el mandamus a favor de uno que tiene un título *prima facie* al cargo. El corolario de esta regla, que un título prima facie no pueda ser anulado en dicho procedimiento con prueba tendente a demostrar que el título del peticionario será finalmente anulado, también tiene apoyo convincente."

Para que esta regla sea aplicable, es necesario demostrar que el peticionario tiene un título o derecho prima facie claro. Por lo tanto, en la mayoría de los casos citados en dicha monografía aparece que el peticionario fué electo para un cargo público y su derecho a ocuparlo se basó en el certificado de elección que prima facie le reconocía dicho derecho. Sin embargo, en la mencionada monografía se citan otros casos en que se ha decidido que en un procedimiento de esta índole procede investigar si el peticionario tiene un título prima facie claro o no. *Cruse* v. *State ex rel. Harpham*, 52 Neb. 831, 73 N. W. 212; *State ex rel. Moore* v. *Archibald*, 5 N. D. 359, 66 N. W. 234; *State ex rel. Ayers* v. *Kipp*, 10 S. D. 495, 74 N. W. 440; *State ex rel. Clarke* v. *Board of Health*, 49 N. J. L. 349, 8 Atl. 509. De manera que, aun asumiendo que la regla general sea aplicable al caso de autos, es necesario en primer término resolver si el peticionario probó tener un título prima facie claro. ¿Qué prueba presentó el peticionario a este efecto? Veámoslo.

El *exhibit* 1 del demandante es copia de un documento enviado por el anterior Administrador del Fondo del Estado, Ramón Montaner, al Auditor de Puerto Rico notificándole que el apelante había sido nombrado el 1º de julio de 1935, Jefe de la División de Seguros del Fondo del Estado, y que según comunicación del Servicio Civil dicho empleado tenía *status* de permanente a partir del 12 de febrero de 1935. El exhibit 2 es una resolución de fecha 16 de enero de 1936 por la que la Comisión de Servicio Civil le concedió al apelante el status de empleado permanente desde 12 de febrero de 1935. El exhibit 3 es el formulario llamado "Pliego de Clasificación", que es el que llenan los empleados del Gobierno Insular a los efectos de la clasificación que ocupan.

¿Era esta evidencia suficiente para establecer a favor del peticionario un título prima facie al cargo? Al contestar esta pregunta tenemos que considerar los errores segundo, tercero y cuarto.

De los exhibit 1 y 2, supra, aparece que el apelante adquirió el status de permanente a partir del día 12 de febrero de 1935, a virtud de una resolución de la Comisión de Servicio Civil de 16 de enero de 1936, y que dicho status le fué concedido a virtud de una solicitud de reposición que hizo el apelante a dicha Comisión, después de haber sido separado del puesto de Inspector de Cuentas del Negociado del Telégrafo Insular en 12 de febrero de 1935.

No aparece de estos exhibits en qué fué que se basó la Comisión de Servicio Civil para conceder al apelante el status de permanente en el Servicio Civil Clasificado.

¿Podía la corte inferior investigar los fundamentos por los cuales dicho status le fué conferido? Somos de opinión que podía, pues la resolución de la Comisión no era suficiente en sí misma para demostrar el fundamento que tuvo la Comisión para conceder dicho status de permanente. Nos basamos en que la Ley núm. 88, aprobada en mayo 11 de

1931, e intitulada "Ley para crear la Comisión de Servicio Civil de Puerto Rico, etc.", en sus secciones 19 y 22, provee la única forma (*Sárraga* v. *Sancho Bonet,* 56 D.P.R. 892, 901) en que una persona puede pasar a formar parte del Servicio Civil Clasificado, o sea mediante la aprobación de un examen de libre oposición, que le da derecho a ser nombrada para un puesto en el Servicio Civil Clasificado, y una vez nombrada no podrá ser separada de su cargo de acuerdo con la sección 28, salvo por causas justificadas y previa formulación de cargos y sin antes dársele oportunidad para ser oída en su defensa. Siendo ésta la única forma en que el apelante pudo haber pasado a formar parte del Servicio Civil Clasificado, era enteramente apropiado para determinar si tenía derecho prima facie a ocupar el cargo del cual fué separado, que la corte inferior determinara si se había cumplido con los requisitos establecidos por la ley. Por lo tanto, no erró la corte inferior al permitir que se le preguntase al demandante si en alguna ocasión había aprobado el mencionado examen de libre oposición. Declaró el demandante que no lo había aprobado (R. pág. 46). Que la resolución de la Comisión no era suficiente para darle al apelante un título prima facie es aparente si se considera que la Comisión es un organismo de carácter administrativo que no tiene otras facultades que las que expresamente le confiere la ley. *Domenech, Tesorero* v. *Corte,* 48 D.P.R. 542, 551. Siendo esto así, cualquier resolución que la Comisión dicte que no se ajuste a las disposiciones de la ley que la crea, tiene que ser nula e ineficaz por haber sido dictada sin jurisdicción.

Sabido es que aun en casos de sentencias dictadas por cortes de récord, las cuales de acuerdo con el artículo 464 de nuestro Código de Enjuiciamiento Civil se presumen fueron dictadas con jurisdicción, la regla es que, generalmente si se demuestra la falta de jurisdicción de la corte para dictarlas, constituye causa suficiente para ser atacadas colateralmente. *Lokpez* v. *Fernández,* 61 D.P.R. 522; *Restatement,*

*Judgments,* sec. 8. De manera que, en el supuesto de que la investigación del título prima facie del apelante pudiera en este caso considerarse como un ataque colateral a la resolución de la Comisión de Servicio Civil, dicho ataque quedaría justificado por analogía a base de la regla que acabamos de citar.

El peticionario no alegó ni probó tener algún otro fundamento en qué basar su alegado derecho a estar incluído en el Servicio Civil Clasificado que el mencionado en el exhibit 2. Sin embargo, los apelados alegaron y probaron que el derecho reclamado por el apelante se funda en una resolución de la Comisión de Servicio Civil de 26 de febrero de 1932, mediante la cual se le concedió, a virtud de una opinión rendida por el Procurador General de Puerto Rico, el status de permanente en el Servicio Civil Clasificado a todos aquellos empleados que ocupaban su cargo interinamente al entrar en vigor la Ley de Servicio Civil (Exhibit B de los demandados). Empero, este tribunal resolvió en el caso de *Matos* v. *Veve, Márshal,* 46 D.P.R. 356, que una persona que ocupaba un cargo en el servicio clasificado, con carácter temporero, al entrar en vigor la Ley de Servicio Civil, no pasó a formar parte del Servicio Civil Clasificado a virtud de la sección 6 de dicha ley que dispone que ''Cualquier persona que desempeñe un cargo o destino en el servicio clasificado . . . en la fecha de entrar esta Ley en vigor . . . continuará en el desempeño de dicho cargo o destino hasta que cese o sea separado de conformidad con las disposiciones de esta Ley'', y que, por tanto, los requisitos exigidos por la sección 28 de la ley respecto a causas justificadas, la formulación de cargos y vista de los mismos, no son aplicables a un empleado temporero después de haber expirado el período de cuatro meses desde que fué nombrado de acuerdo con la sección 4 de la ley.

En el caso de autos se probó que el peticionario era un empleado temporero al entrar en vigor la Ley de Servicio Civil y por lo tanto, no pasó a formar parte del Servicio Ci-

vil Clasificado, no obstante la resolución de la Comisión, pues ésta quedó sin efecto legal alguno después de resuelto el caso de *Matos*, supra.

■■ Alega el peticionario, sin embargo, que la sección 6 de dicha ley "no puede ser jamás objeto de interpretación en el presente caso", según lo fué en el de *Matos* v. *Veve*, supra, "por cuanto las disposiciones de dicha sección se refieren tan sólo al derecho del funcionario al cargo en particular que desempeñaba cuando se puso en vigor la ley". Que "en agosto 10 de 1931 el peticionario no ocupaba la plaza que hoy ocupa ni interina ni permanentemente. Que contender lo que pretende el demandado equivale a sostener que un empleado que en el 1931 desempeñaba un cargo temporalmente a quien se le dió la condición de permanente a virtud de la resolución de 19 de febrero de 1932, estaba impedido de ocupar en el futuro otro cargo en el Servicio Civil Clasificado con el carácter de permanente". No tiene razón el apelante.

Dicho empleado no estaba impedido de ocupar en el futuro otro cargo en el Servicio Civil Clasificado con carácter de permanente; podía pasar a formar parte de dicho servicio siempre y cuando lo hiciera de acuerdo con las disposiciones de la ley, o sea, mediante la aprobación de un examen de libre oposición.

De manera que aunque el apelante implícitamente niega que el derecho que reclama se funda en la resolución de la Comisión de 26 de febrero de 1932, sin embargo, no nos dice a base de qué fué que se le incluyó en el Servicio Civil Clasificado, limitándose a argüir que "lo propio es concluir que cuando así ha actuado la Comisión de Servicio Civil es porque se han seguido los trámites de ley para el seguimiento de los cuales se creó expresamente ese organismo gubernamental." Es verdad que el artículo 464 de nuestro Código de Enjuiciamiento Civil establece que hay una presunción de que "una persona en posesión de un cargo público fué

elegida o nombrada para dicho cargo en debida forma'', y de que "la ley ha sido acatada''. Pero éstas son presunciones controvertibles y a nuestro juicio quedaron controvertidas al declarar el propio peticionario que nunca había aprobado los exámenes de libre oposición que exige la ley para que un empleado pueda considerarse incluído en el servicio clasificado y, no estándolo, pudo ser destituído sin la previa formulación de cargos.

En nada ayuda al apelante el hecho de que el cargo del cual fué separado sea uno de los comprendidos dentro del Servicio Civil Clasificado ya que este Tribunal resolvió en *Sárraga* v. *Sancho Bonet,* supra, que el hecho de que una persona ocupe dicho puesto no implica su ingreso en el Servicio Civil Clasificado.

*Se confirma la sentencia de la corte inferior.*

El Juez Presidente Sr. Del Toro no intervino.