Francisco Rodríguez Rovira, peticionario y apelante, *v.* Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

Núm. 8837.—*Sometido:* Abril 14, 1944. *Resuelto:* Abril 26, 1944.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *Hon. Procurador General Interino Jesús A. González* y *A. E. Franco Cabrero, Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La opinión de la corte de distrito en este caso dice como sigue:

"El peticionario, siendo Jefe Auxiliar del Negociado de Hacienda Municipal del Departamento de Hacienda, fué separado de su puesto por el demandado el 18 de febrero de 1942, sin que se le formularan cargos, sin mediar justa causa, y sin ser oído.

"Instó este recurso de *mandamus* interesando su reposición en el cargo del cual fué separado. Sostiene ser un funcionario comprendido en el Servicio Civil Clasificado, y que por tal razón carece el demandado de facultad para separarlo sin formulación de cargos y audiencia. El demandado sostiene que el demandante no pertenece al Servicio Civil Clasificado, y por lo tanto actuó dentro de sus facultades el demandado al separarlo de su puesto sin formularle cargos ni oírle.

"No existe controversia en cuanto a los hechos esenciales.

"El demandante ocupó, en calidad de empleado temporero, los puestos de Agente de Rentas Internas y de Inspector de la Lotería,

desde el primero de octubre de 1936 hasta el primero de agosto de 1938. En esta última fecha, fué nombrado permanente Inspector de Lotería, pero no mediante examen de libre oposición, sino mediante exención concedida por el Gobernador al amparo del apartado (k) de la sección 4 de la Ley de Servicio Civil.

"Continuó el demandante como Inspector de la Lotería hasta que, en mayo 8 de 1940 fué ascendido al puesto de Jefe Auxiliar del Negociado de Hacienda Municipal. Si bien para esa fecha había el demandante aprobado un examen que le había calificado como elegible para esa plaza, haciendo el número 6 en la lista de elegibles al aprobar dicho examen el 30 de junio de 1938, el nombramiento no fué hecho a base de una terna de los tres primeros elegibles, sino que fué hecho a base de ascenso sin examen de libre oposición.

"Es evidente que el demandante no estaba comprendido dentro del Servicio Civil Clasificado mientras ocupó, en calidad de temporero, las plazas de Agente de Rentas Internas e Inspector de Lotería. Tampoco ingresó en el servicio clasificado al ser nombrado definitivamente Inspector de Lotería sin mediar examen de libre oposición, en virtud de exención concedida por el Gobernador. *Sárraga* v. *Sánchez Bonet*, 56 D.P.R. 892.

"Nos resta considerar si el nombramiento del demandante como Jefe Auxiliar del Negociado de Hacienda Municipal le colocó dentro del servicio clasificado. Como hemos visto, no se verificó el nombramiento a base de examen de libre oposición. Si bien el demandante había sufrido el examen correspondiente, y lo había aprobado, no aparece que fuese uno de los tres elegibles que resultaran victoriosos en el examen y por el contrario la prueba indica que ocupaba el sexto puesto entre los que se sometieron al examen. No aparece que tuviera derecho, de acuerdo con la ley, a ser nombrado. El mero hecho de haberse aprobado el examen no autorizaba el nombramiento. Es evidente que los fines que persigue la Ley de Servicio Civil sólo se cumplirían a medias si pudiese ingresar en el servicio clasificado cualquier persona que aprobase el examen correspondiente, sin tener en cuenta para nada el puesto que ocupa entre los que se sometieron al examen. No se limita la ley a exigir un examen. Exige un examen *de libre oposición*. Y en su sección 22 prescribe la ley que los nombramientos se harán de entre las tres personas que hayan obtenido la más alta clasificación como resultado del examen.

"Podría arguirse que, estando el demandante ocupando un cargo comprendido dentro del servicio clasificado, como lo es el de Inspector de la Lotería, podía ser ascendido a otro, y que ese ascenso en alguna

forma tuvo el efecto de colocar al demandante dentro del servicio clasificado. Es cierto que el nombramiento de Jefe Auxiliar del Negociado de Hacienda Municipal se hizo figurar oficialmente como ascenso. Dudamos que, aunque así se le llame, sea válido el nombramiento, en ausencia de una nueva decisión del Gobernador eximiendo al demandante del examen de libre oposición en cuanto al nuevo cargo. Pero aunque se entendiese que la exención originalmente concedida por el Gobernador es extensiva a cualquier otro cargo de clasificación parecida a aquel para el cual se obtuvo la exención, siempre tendríamos que el demandante ocupaba el cargo de Jefe Auxiliar en virtud de dicha exención, y no en virtud de nombramiento hecho de acuerdo con la sección 22 de la ley, y según la teoría del caso de *Sárraga* v. *Sancho Bonet,* supra, sólo están protegidos contra la separación caprichosa del funcionario nominador aquellos empleados ''que ocupan regularmente, y no por vía de privilegio o concesión especial, los cargos comprendidos en el Servicio Civil Clasificado''.

''Por los motivos expuestos, entendemos que el demandante no está incluído en el Servicio Civil Clasificado, y que por tal razón su cargo estaba a merced del demandado, sin que fuese menester para su separación la formulación de cargos, y sin que sean pertinentes las motivaciones, justas o injustas, de la separación.

''Arguye el demandante que, habiendo él establecido *prima facie* su título a un cargo en el servicio civil clasificado, no puede el demandado impugnar ese título en este procedimiento, sino que. el demandante debe ser repuesto, quedando el demandado entonces en libertad de tomar los pasos necesarios para anular el título prima facie del demandante.

''Pero es que no existe un caso prima facie que indique que el peticionario pertenezca al servicio civil clasificado. Su título, o sea, las constancias oficiales de la Comisión de Servicio Civil, sólo indica que fué nombrado Inspector en virtud de exención de examen concedida por el Gobernador, y que luego fué 'ascendido' a otro puesto, no en virtud de terna sometida por la Comisión de Servicio Civil al Tesorero, sino a propuesta del Tesorero y con la aprobación de la Comisión (véanse *exhibits* 1 y 2 del demandante). En otras palabras, del alegado título del demandante surge que no ingresó en el servicio clasificado, en ningún momento, a base de examen de libre oposición. No se trata, pues de un título que prima facie indique que el demandante pertenece al servicio clasificado, sino de un título que indica precisamente lo contrario. No es de aplicación, por lo tanto, la regla que invoca el demandante.

"Debe dictarse sentencia declarando sin lugar la petición, con las costas."

Después de un minucioso examen del récord y de los errores señalados por el apelante, convenimos enteramente con el razonamiento de la corte de distrito. *Cf. García* v. *Cordero,* 62 D.P.R. 315.

*La sentencia de la corte de distrito será confirmada.*