RAFAEL SANTIAGO SOSA, demandante y apelante, *v.* ANTONIO FERNÓS ISERN, en su carácter de Comisionado de Sanidad de Puerto Rico; JUAN B. HUYKE, en su carácter de Presidente de la Comisión de Servicio Civil; y EUGENIO FONT SUÁREZ y G. CRUZADO SILVA, en su carácter ambos de Comisionados de la Comisión de Servicio Civil de Puerto Rico, demandados y apelados.

Núm. 9869.—*Sometido:* Junio 2, 1949. *Resuelto:* Diciembre 21, 1949.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* aboga-
dos del apelante; *Hon. Procurador General Vicente Géigel Po-*
*lanco* y *A. Torres Braschi, Procurador General Auxiliar,* abogados
de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del
tribunal.

A pesar de tratarse en este caso de un recurso extra-
ordinario, como lo es el de *mandamus,* iniciado el 8 de sep-
tiembre de 1943, su tramitación hasta quedar perfeccionado
el récord en apelación ante este Tribunal el 15 de agosto de
1949, ha tardado cerca de seis años. La contestación se ra-
dicó casi tres años después de notificada la petición, o sea el
14 de junio de 1946. El juicio se celebró en esa misma fecha
y la corte inferior resolvió el caso un año después, el 19 de

agosto de 1947, y el trámite apelativo ha tardado dos años más.   Señalamos estos hechos porque tratándose de una petición en la cual se solicita no sólo la reposición del peticionario en un cargo público sino también el pago de los sueldos dejados de percibir desde el 1ro. de julio de 1943, de no asistirle la razón en cuanto a su reposición pero sí en cuanto al total o parte de los sueldos dejados de percibir, podría implicar, no sólo un conflicto en cuanto a si procede ordenar o no el pago si otra persona ha ocupado el cargo y cobrado los sueldos—*Géigel Polanco v. Rivera Martínez, Com.,* 48 D.P.R. 124, 133—sino una seria cuestión legal de si los tribunales pueden conceder el remedio incidental de ordenar el pago de dichos sueldos.   *Matos v. Gándara,* 69 D.P.R. 22, 28 y casos citados.

■■  Los hechos en el presente caso son sencillos.   El peticionario ocupaba el 11 de junio de 1943 en el Departamento de Sanidad (hoy Departamento de Salud a virtud de la Ley núm. 430 de 24 de abril de 1946 (1) pág. 1237)) el cargo de "Officer in Charge of Payrolls" (el nombre en su récord personal de la Comisión de Servicio Civil entonces existente consta en inglés), pero nos referiremos al mismo en la misma forma en que lo hacen las partes como "Oficial Encargado de Nóminas".   Este cargo no fué creado por la Asamblea Legislativa, ni existía en el presupuesto del Departamento de Sanidad correspondiente al año económico de 1942–1943, pues su sueldo de $3,000 era pagado de fondos federales, o sea del "título V" del U. S. Public Health Service.([1])   Debido a que dicho cargo no fué incluído en el presupuesto sometido por el Comisionado de Sanidad al "Children's Bureau"([2]) para regir el día 1ro. de julio de 1943

---

([1]) El "título V" se refiere al "Children's Bureau" de dicho servicio federal.

([2]) Hubo prueba al efecto de que se eliminó la plaza debido a ciertas deficiencias administrativas en relación con el "control en los fondos federales" por no haberse "reconciliado en 4 años los libros del Departamento con los fondos federales, en la Tesorería Insular ni con los libros del Auditor". Transcripción de evidencia, pág. 57.

y habiéndose creado en el presupuesto insular de 1943–1944 el cargo de "Oficial de Nóminas" con un sueldo de $2,000 al año, el Comisionado le ofreció dicha plaza al peticionario, la cual éste rechazó, solicitando por el contrario que se le nombrara para el cargo de "Auxiliar Administrativo a Cargo de la Unidad de Nóminas" con sueldo de $2,500 creado en ese mismo presupuesto. El Comisionado de Sanidad, después de exponer los hechos anteriores y de especificar las funciones del cargo de Oficial Encargado de Nóminas que antes desempeñaba el peticionario que serían iguales a las del cargo de Oficial de Nóminas del nuevo presupuesto ofrecido al peticionario y las funciones que el Comisionado había asignado al puesto de "Auxiliar Administrativo a Cargo de la Unidad de Nóminas" también de nueva creación y el cual solicitaba el peticionario, consultó a la Comisión de Servicio Civil lo siguiente:

"1º Si a juicio de la Comisión y dadas las funciones distintas de los cargos tiene derecho el Sr. Santiago Sosa a exigir que se le nombre en el puesto de nueva creación que él reclama.

"2º Si a virtud de su presente clasificación dentro del Servicio Civil, que es la de 'typist', tendría él las calificaciones requeridas a un 'Administrative Assistant'.

"3º Si se podría nombrar al Sr. Santiago Sosa en el cargo que él reclama sin un examen especial para tal ascenso en categoría."

La Comisión de Servicio Civil contestó la consulta en esta forma:

"Después de comparar los deberes y obligaciones del cargo de Oficial Encargado de las Nóminas, $3,000 anuales, que venía desempeñando el Sr. Santiago Sosa, con los de la plaza de Auxiliar Administrativo, a cargo de la Unidad de Nóminas, $2,500 anuales, según especificaciones sometidas por usted, la Comisión llegó a la conclusión de que los mismos no son idénticos, y se trata en el último caso de una plaza de nueva creación, superior a la primera. En cuanto al *status* del Sr. Santiago Sosa esta comisión encuentra que éste se basa en un examen de Dactilógrafo aprobado por él, el cual no lo capacitaría para desempeñar el nuevo cargo. Para ello, sería indispensable la aprobación por el Sr. Santiago Sosa de un examen sin

oposición de categoría correspondiente, que sólo podría ofrecerlo este organismo a solicitud de la autoridad nominadora, caso de proyectarse el ascenso de este empleado a la mencionada plaza.''

Notificado el peticionario, éste radicó el presente recurso de mandamus contra el Comisionado de Sanidad y la Comisión de Servicio Civil solicitando que se ordene al primero que le dé posesión, con carácter retroactivo al 1ro. de julio de 1943, del cargo de Auxiliar Administrativo a Cargo de la Unidad de Nóminas, debiendo tramitar, además, las nóminas correspondientes al pago del sueldo del peticionario durante el tiempo en que ha sido privado de su empleo ilegalmente y a la segunda, dejar sin efecto y anular la resolución o acuerdo ilegal tomado por ella declarando que el peticionario no tiene status para desempeñar el mencionado cargo y que proceda a reinstalar al peticionario en su permanencia en el Servicio Civil Clasificado con derecho a desempeñar el cargo de Auxiliar Administrativo a Cargo de la Unidad de Nóminas.

Contestada la petición y celebrado el juicio correspondiente, la corte inferior declaró sin lugar la petición fundándose: (1) en que si bien el peticionario ocupó cargos en el Servicio Civil Clasificado, a base de un examen de mecanógrafo que aprobó en 1928, no tenía status de permanencia en dicho Servicio Civil Clasificado para desempeñar el cargo de superior categoría de Auxiliar Administrativo a Cargo de la Unidad de Nóminas que reclama, sin haber sufrido un examen de libre oposición, según exige la sección 20 de la Ley de Servicio Civil y la Regla XVI del Reglamento de la Comisión de Servicio Civil y (2) que los deberes y obligaciones del cargo de Oficial Encargado de Nóminas que desempeñaba el peticionario no eran los mismos que las funciones asignadas al nuevo cargo de Auxiliar Administrativo a Cargo de la Unidad de Nóminas.

El peticionario apeló y en este recurso señala como erróneas las dos conclusiones a que llegó la corte inferior.

Aun cuando el lenguaje usado por la corte inferior da la impresión de que resolvió que el peticionario no tenía status

de permanente en el Servicio Civil Clasificado, no tenemos duda de que el peticionario, desde que aprobó en 1928 los exámenes de mecanógrafo (su tarjeta dice "typewriter") ocupó distintos cargos permanentes en dicho Servicio Civil Clasificado, tales como los de oficinista ("clerk"), contable ("accountant"), pagador y oficial contable ("paymaster & acct. off."), todos ellos en el Departamento de Sanidad, desde el año 1928 hasta el 1942, y que bajo el sistema imperante en dichos años, según declaró Nicolás Durán, exsecretario de la Comisión de Servicio Civil, no se le exigió otros exámenes al peticionario para ocupar los cargos de superior categoría al de mecanógrafo para el cual se había examinado. Pero este hecho, en sí, no es el predominante en el presente caso. Lo es, a nuestro juicio, y esto lo distingue de los de *Rosario* v. *Cuevas, Comisionado,* 60 D.P.R. 470; *Cruz* v. *Buscaglia, Tes.,* 61 D.P.R. 737 y *Cantellops* v. *Fernós, Comisionado,* 65 D.P.R. 797, el hecho de que aquí el cargo de Oficial Encargado de Nóminas que ocupaba el peticionario no existía en el presupuesto de 1942–1943, sino que era una plaza creada por el Comisionado y pagada de fondos federales, el U. S. Public Health Service, y dicha plaza fué eliminada al cesar su pago de dichos fondos. Fué entonces que la Asamblea Legislativa, en el presupuesto de 1943–1944, creó (Leyes de Puerto Rico, 1943, pág. 999), dentro de la Sección de Contabilidad, los siguientes cargos: "Auxiliar administrativo, a cargo de la unidad de nóminas, \$2,500; Tres oficiales de nóminas, a \$2,000 cada uno, \$6,000." No hubo, como en los casos de *Rosario, Cruz* y *Cantellops,* supra, la eliminación en presupuesto de un cargo con un nombre y la creación de otro con nombre distinto, en un presupuesto posterior, pero con los mismos deberes que el cargo suprimido. El caso de autos cae de lleno bajo la doctrina del de *Géigel Polanco* v. *Rivera Martínez,* supra, pág. 132, en el que resolvimos que "El cargo que desempeñaba el peticionario dejó de existir con la ley de su creación" y que el nuevo cargo creado, aunque "es

similar'' al anterior, ''ello no implica necesariamente que se trate del mismo cargo''.

En igual forma en el presente el cargo de Oficial Encargado de Nóminas dejó de existir al no incluirse en el presupuesto especial pagado con fondos federales, y la creación de nuevos cargos en el presupuesto insular, aun cuando alguno de ellos fuere similar al anterior, no significa que se trate del mismo cargo.

La cuestión primordial a resolver es si el peticionario podía exigir que se le nombrara para el nuevo cargo de Auxiliar Administrativo a Cargo de la Unidad de Nóminas por el hecho de estar en el Servicio Civil Clasificado bajo examen de mecanógrafo y no obstante no haber aprobado ningún otro examen de oposición o sin oposición[3] para ocupar los distintos cargos de superior categoría al de oficinista que él ocupó en el Departamento de Sanidad. El hecho de que él fuera nombrado para esos otros cargos no le concedía derecho

[3] La sección 20 de la Ley de Servicio Civil de 1931, en lo pertinente, disponía:

''*Ascensos.*—Hasta donde sea posible y conveniente, la Comisión celebrará pruebas o exámenes de libre concurso para ascensos en el servicio clasificado. En las pruebas sin oposición se considerarán debidamente la eficiencia y antigüedad en el servicio.''

La Regla XVI del Reglamento de Servicio Civil disponía lo siguiente:

''*Ascensos Dentro del Servicio.*—Las vacantes en los cargos de clase superior a los de la más baja serán cubiertas, siempre que sea posible, mediante ascenso previo examen de oposición. La Comisión, después de recibir las recomendaciones que las autoridades nominadoras deseen hacer, resolverá si debe efectuarse examen para ascenso o examen original para ingreso al servicio o ambos. Cuando se efectúen exámenes para ascenso, podrán concurrir a los mismos únicamente aquellos empleados del servicio clasificado que hayan servido el tiempo requerido, según se especifique en los avisos públicos para exámenes de ascensos en los Departamentos u organizaciones en que han de hacerse tales ascensos; o, según lo determine la Comisión, podrán concurrir los empleados de todos los departamentos u organismos, o parte de ellos que hayan servido al expresado tiempo y reúnan por lo menos las condiciones mínimas establecidas o requeridas para el cargo al cual se desea obtener ascenso. En todos los casos la persona interesada en un ascenso deberá haber servido por lo menos un año después de su nombramiento permanente en la clase o clases inmediatas inferiores, según el caso. La Comisión podrá, a su discreción, autorizar ascensos mediante exámenes sin oposición.''

para exigir que se le nombrara para el nuevo cargo si, como resolvió la Comisión de Servicio Civil, su status dentro del Servicio Civil Clasificado no lo calificaba para ocuparlo sin antes haber sufrido el examen correspondiente y si existían en la Comisión, como se probó (exhibit D del demandado), listas de elegibles para los cargos de Primero y Segundo Auxiliar Administrativo.

■ Se probó, además, que la práctica establecida para hacer las clasificaciones de plazas de nueva creación era que la Comisión de Servicio Civil aceptaba, sin ulterior investigación, las obligaciones y deberes que para dichos cargos les fijaba el funcionario nominador y que, en este caso, el Comisionado de Sanidad sometió a la Comisión las especificaciones correspondientes al nuevo cargo de Auxiliar Administrativo a Cargo de la Unidad de Nóminas y que, a base de las mismas, la Comisión resolvió que dicho cargo era distinto y de superior categoría al anteriormente ocupado por el peticionario y que éste no podía ser nombrado para el mismo sin previo examen de oposición. De acuerdo con estos hechos, no erró la corte inferior al resolver que el status del peticionario dentro del Servicio Civil Clasificado no le calificaba para exigir ser nombrado para el nuevo cargo. *Cf. Sárraga* v. *Sancho Bonet, Tes.,* 56 D.P.R. 892; *Rodríguez* v. *Buscaglia, Tes.,* 63 D.P.R. 490.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.