MANUEL FIGUEROA y OTROS, demandantes y recurridos, *v.* TULIO F. LÓPEZ, ALCALDE DEL MUNICIPIO DE BAYAMÓN, demandado y recurrente.

*Número:* R-62-154      *Resuelto:* 29 de noviembre de 1963

*Armando A. Miranda,* y *Pablo J. Santiago Lavandero,* abogados del recurrente; *Mario A. Rodríguez,* y *Luis A. Archilla Laugier,* abogados de los recurridos.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En *Bezares* v. *González, Alcalde,* 84 D.P.R. 468 (1962), al considerar las disposiciones pertinentes de la nueva Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960 (Leyes, pág. 526), en vigor desde el día 9 de enero de 1961,

sobre el nombramiento y destitución de los empleados de los municipios, expresamos que no se trataba propiamente de una determinación sobre la permanencia de los empleados, que "[n]o es un problema de incumbencia, sino de destitución," y a renglón seguido añadimos que a este respecto la ley no dejaba margen de duda alguna en cuanto al trámite para ello. En consecuencia, sostuvimos que los empleados nombrados por una anterior administración no podían ser dejados cesantes al hacerse cargo de la gestión administrativa el alcalde electo en las recién celebradas elecciones, a menos que conforme al Art. 93 de la ley citada, 21 L.P.R.A. sec. 1553, ello fuera por justa causa, previa la formulación de cargos y la celebración de audiencia ante una comisión de tres personas nombradas por el alcalde con el consejo y consentimiento de la asamblea municipal. En la elaborada opinión emitida en dicho recurso se hizo un recuento histórico de la legislación sobre este particular desde el año 1902 hasta el presente, así como del proyecto que finalmente se convirtió en la Ley Núm. 142 de 1960. A ella, pues, remitimos como el fondo necesario para la consideración del problema legal envuelto en el presente recurso.

El recurrente Tulio F. López fue electo alcalde de Bayamón en las elecciones generales celebradas en noviembre de 1960. Tomó posesión del cargo en 9 de enero de 1961, y durante el primer mes de su incumbencia separó de sus empleos a los recurridos Manuel Figueroa, Elsie Rodríguez, Roque Berríos, Aurora Roque, Basilisa Ríos y Manuel Rodríguez Matías, quienes desempeñaban respectivamente los cargos de oficinista de contabilidad, escribiente principal, recaudador auxiliar o segundo recaudador de rentas, segunda mecanógrafa, primera escribiente y líder recreativo. No medió previa formulación de cargos ni celebración de audiencia. Para justificar sus actuaciones, el recurrente adujo como razones la ineficiencia en las labores, la necesidad de realizar economías y la eliminación de la plaza por virtud de la crea-

ción de la nueva oficina del Director de Finanzas. Los empleados mencionados acudieron al Tribunal Superior mediante peticiones de mandamus para que se ordenara al recurrente a reponerlos en sus cargos. Los recursos fueron sometidos mediante una estipulación sobre ciertos hechos, a la cual tendremos ocasión de referirnos en adelante. El tribunal de instancia accedió a lo solicitado a base de su interpretación al efecto de que en *Bezares* resolvimos que el Art. 93 "es de aplicación tanto a empleados temporeros como a empleados permanentes."

1. Una lectura cuidadosa de nuestra opinión en el caso de *Bezares* revela que su *ratio decidendi* no fue si la Ley Municipal actual confiere o no permanencia a los empleados municipales. Esencialmente señalamos que no se trataba de un problema de incumbencia, sino de destitución. Afirmamos además que el término de los empleados—distinto a la situación en cuanto a los funcionarios se refiere—no expiraba *ipso jure* con la elección y toma de posesión de una nueva administración, perdurando en ese sentido lo que bajo legislación similar habíamos resuelto en los casos de *Belaval* v. *Todd*, 22 D.P.R. 633 (1915), y 24 D.P.R. 26 (1916), y en *De Castro* v. *Junta de Comisionados*, 59 D.P.R. 676 (1942). Ahora nos enfrentamos a unos planteamientos distintos que, si bien deben partir a los fines de su discusión de las normas aclaradas en *Bezares*, no estuvieron entonces envueltos en los hechos que allí consideramos.[1] Veamos.

La prueba revela que los recurridos Manuel Figueroa y Basilisa Ríos eran empleados "temporeros, según sus nombramientos" como reza la estipulación a base de la cual se some-

---

[1] Si bien en la contestación formulada en el recurso de *Basilio Domínguez et al.* v. *Hilda Pacheco de Algarín*, Rev. 535, resuelto por la opinión emitida en *Bezares,* se alegó que algunos de los peticionarios habían sido designados con "carácter temporero," esta cuestión no fue elaborada en forma alguna ni se insistió o explicó en qué consistía tal carácter. No fue necesario considerarla a los fines de disponer de dicho caso.

tieron los casos. (²) Aparece que Figueroa recibió un nombramiento en 2 de agosto de 1960 suscrito por la anterior alcaldesa señora María V. Umpierre para ocupar el cargo de oficinista de contabilidad "sujeto a un período probatorio . . . hasta el 2 de febrero de 1961." (³) En la petición presentada por Basilisa Ríos no se alegó, contrario a lo que ocurrió en los otros cinco casos, que fuera una empleada permanente. La contestación aduce como defensa que ocupaba el cargo en forma probatoria, y así se deduce de la comunicación que le dirigió el alcalde dejándola cesante, en la cual hace referencia a la plaza que "ha venido desempeñando con carácter probatorio." Ambos fueron separados antes de la expiración del período probatorio de seis meses.

Mediante la ordenanza Núm. 11 de la serie 1959–60 aprobada en 12 de agosto de 1959 se estableció un sistema de méritos para la administración de personal en el municipio de Bayamón que clasificó los empleados en permanentes, probatorios y provisionales o transitorios. La Sec. 5 proveía que los empleados que a la fecha de su vigencia, ocuparan puestos comprendidos en el servicio clasificado (⁴) serían permanentes,

---

(²) La recurrida Elsie Rodríguez fue separada del servicio municipal en 23 de enero de 1961, y aunque en la comunicación que al efecto le fuera dirigida se alude a que desempeñaba el cargo con carácter probatorio, un examen de los autos originales revela que su nombramiento de 16 de septiembre de 1960 estaba sujeto a un período probatorio de tres meses que terminó en 16 de diciembre siguiente, ya que se le habían acreditado tres meses de trabajo en la misma plaza de escribiente principal. Por tanto, a la fecha de su destitución había expirado el período probatorio.

(³) Sobre el carácter probatorio de la designación de Figueroa no aparece que exista seria contienda, ya que dicho empleado le dirigió una comunicación al recurrente en 30 de enero de 1961 haciendo referencia a que el día 2 de febrero expiraba su "período probatorio" como oficinista de contabilidad y solicitando se le designara con permanencia.

(⁴) El servicio clasificado incluía a todos los empleados no comprendidos en el servicio exento, que se componía de (1) los funcionarios de elección popular; (2) los funcionarios administrativos cuyos cargos fueran creados por ley; (3) los miembros de juntas, comisiones, comités y consejos que desempeñan sus cargos honoríficamente; (4) las personas contratadas para prestar servicios técnicos, profesionales o consultivos; (5) el personal voluntario que no recibía compensación del municipio; y, (6) los pacientes

si hubieran completado o cuando completaren un período no menor de seis meses de servicios satisfactorios según lo certificare el alcalde. En cuanto a estos empleados en el servicio clasificado, la Sec. 17 disponía, al igual que el Art. 93 de la Ley Municipal, que sólo podrían ser destituidos por justa causa y previa la formulación de cargos; y el Art. 19 proveía un recurso de apelación ante la asamblea, que como hemos visto, se sustancia en la actualidad ante una comisión especialmente designada para ello. La sección octava disponía que "Las personas que se seleccionen mediante pruebas de oposición para ocupar puestos en el Servicio Clasificado pasarán a ser empleados permanentes, si a juicio del Alcalde los servicios han sido satisfactorios. Durante el período probatorio o al final del mismo el Alcalde podrá separar a cualquier empleado por razón de ineficiencia o ineptitud, en cuyo caso se le notificará al empleado el motivo de su separación." No se prescribe que debe mediar formulación de cargos y celebración de audiencia.

Esta ordenanza fue aprobada a fin de incluir a los empleados del Municipio de Bayamón en el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus instrumentalidades, según autorizado por la Ley Núm. 2 de 22 de abril de 1959 (Leyes, pág. 4), que enmendó el título y los Art. 1, 3, 5 y 22 de la Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. secs. 761, 763, 765 y 782. Específicamente, la enmienda introducida al Art. 22 dispuso, *inter alia*, que "En lo que se refiere a los municipios, la Junta requerirá que éstos tengan establecido un sistema de mérito a base de determinados principios básicos previamente acordados con el Director de Personal, antes de ingresar a formar parte del Sistema." ([5])

en hospitales municipales y asilados en instituciones penales o de beneficencia que se utilizaren en el servicio de las mismas instituciones.

([5]) El informe de las Comisiones de Gobierno Municipal y de Elecciones y Personal de la Cámara de Representantes sobre el P. de la C. 326, que luego se convirtió en la Ley Núm. 2 de 22 de abril de 1959, aparece en

■ ¿Resulta alguna incompatibilidad entre el sistema municipal de méritos establecido conforme al Art. 22 de la Ley de Retiro, según enmendado por la Ley Núm. 2 de 1959, y las disposiciones del Art. 93 de la Ley Municipal de 1960? Entendemos que no. Ambas disposiciones pueden coexistir, pues no son sino manifestaciones dentro de una misma esfera de acción. Por un lado, se preservan las normas de eficiencia en la administración pública que se logran mediante un sistema de méritos que, entre otras cosas, proporciona la oportunidad, mediante el establecimiento de la categoría de empleados probatorios, de aquilatar la aptitud, el cumplimiento satisfactorio con las obligaciones del cargo y los hábitos y confiabilidad de quienes luego se convertirán en empleados permanentes, y por otro lado, se consagra a favor de aquellos que han demostrado tal aptitud y eficiencia que serán removidos únicamente mediante un procedimiento que les proporcione la oportunidad de enfrentarse a los cargos que se le formulen y de ventilarlos públicamente. Resolvemos, por tanto, que en aquellos municipios que opcionalmente han establecido un sistema de méritos para su personal los empleados a quienes se refiere el Art. 93 para fijar un trámite específico de destitución son los empleados regulares designados con permanencia en el servicio clasificado. Cf. Sec. 21 de la Ley Núm. 345 de 12 de mayo de 1947, según enmendada por la Ley Núm. 21 de 28 de mayo de 1958, 3 L.P.R.A. sec. 661. Siendo ello así, los empleados probatorios no tenían derecho a que para su separación del servicio municipal se siguiera el procedimiento prescrito en dicho artículo. Cf. *Rodríguez* v. *Buscaglia, Tes.,* 63 D.P.R. 490 (1944); *García* v. *Cordero, Admor.,* 62 D.P.R. 315 (1943); *Sárraga* v. *Sancho Bonet, Tes.,* 56 D.P.R. 892 (1940).

Lo que hemos expuesto bastaría para revocar las senten-

---

el *Diario de Sesiones* (1958), vol. 10, tomo 5, pág. 2233; el de la Comisión de Elecciones y Personal del Senado, en el *Diario de Sesiones* (1959), vol. 12, tomo 1, pág. 404. Véase, Op. Sec. Just. Núm. 75 de 1960, vol. XXX, pág. 360.

cias dictadas por el tribunal a quo en los recursos de Manuel Figueroa y Basilisa Ríos, pero habiendo surgido en el curso de la vista ciertas cuestiones de hecho que requieren ulterior esclarecimiento, nos limitaremos a dejarlas sin efecto y a devolver los casos para que se reciba prueba sobre si en realidad, considerando el historial de servicios de dichos empleados, se trataba de empleados probatorios, pues como indicamos en *Cassasús* v. *Escambrón Beach Hotel,* 86 D.P.R. 375 (1962), al referirnos a un empleado de igual categoría a los fines de resolver si tenía derecho a la compensación por despido sin justa causa, "la mera denominación en ese sentido no es decisiva; todo dependerá del conjunto de las circunstancias."

■ 2. En cuanto a los otros cuatro recurridos, no existe controversia sobre el carácter regular con que desempeñaban sus cargos; y que, en ausencia de la previa formulación de cargos y la celebración de la audiencia que se requieren en virtud del Art. 93 y de la Sec. 17 de la ordenanza mencionada, procedía ordenar su reposición, especialmente considerando que en la estipulación a base de la cual se sometieron los casos se hizo constar que "había partida consignada en el presupuesto vigente para pagar los cargos de los empleados peticionarios." (⁶) No hay duda, por tanto, de que procedía ordenar su reposición o el pago de los emolumentos en cuanto al ejercicio fiscal 1960–61. Sin embargo, como desde que tuvo lugar la destitución no sólo ha transcurrido dicho ejercicio, sino también los de 1961–62, 1962–63 y parte del 1963–64, (⁷) y tanto en el alegato del recurrente como en la vista celebrada ante este Tribunal, se indicó que algunos de los cargos que

---

(⁶) Parece claro que habiendo sido creados los cargos en el presupuesto y habiendo asignación para el pago de los correspondientes sueldos, el Alcalde no podía, sin el concurso de la Asamblea Municipal, dejar cesante por alegadas razones de economía. Véanse los Arts. 55 y 61 de la Ley Núm. 142 de 1960, 21 L.P.R.A. secs. 1354 y 1360.

(⁷) La vista de estos recursos ante este Tribunal se celebró en 5 de noviembre de 1963, fecha en que quedaron sometidos.

ocupaban los recurridos fueron posteriormente abolidos por la Asamblea Municipal, procede devolver los casos al tribunal de instancia para que, previa la presentación de prueba por las partes, formule las determinaciones correspondientes. Ahora bien, nos anticipamos a señalar que esta abolición tiene que haber sido de buena fe. No bastaría con la eliminación de un cargo y la creación de otro con distinto nombre pero con los mismos deberes y obligaciones. *Cantellops* v. *Fernós, Comisionado*, 65 D.P.R. 797 (1945); *Gómez* v. *Negrón*, 65 D.P.R. 305 (1945); *Cruz* v. *Buscaglia*, 61 D.P.R. 737 (1943); *Rosario* v. *Cuevas, Comisionado*, 60 D.P.R. 470 (1942); *Géigel Polanco* v. *Riera Martínez*, 48 D.P.R. 124 (1935); *Romero* v. *Gore, Gobernador*, 46 D.P.R. 408 (1934); cf. *Santiago* v. *Fernós, Comisionado*, 70 D.P.R. 730 (1949)..

*Se dejarán sin efecto las sentencias dictadas por el Tribunal Superior, Sala de Bayamón, en 7 de mayo de 1962, y se devolverán los casos para ulteriores procedimientos consistentes con esta opinión.*