Sárriera, Demandante y Apelante, *v.* Todd, Alcalde de San Juan, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en un recurso sobre *mandamus.*

No. 1633.—Resuelto en diciembre 7, 1917.

Mandamus—Destitución de Empleados—Notificación y Audiencia—Justa Causa.—Cuando un peticionario, empleado de un municipio (Ecónomo de los Hospitales Municipales), es privado de su cargo por el alcalde sin previa notificación y audiencia, tiene un legítimo derecho a la expedición de un auto de *mandamus* para que se le reponga en su destino aunque la corte inferior encontró justificada la destitución.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. José de Guzmán Benítez* y el propio peticionario.

Abogado del apelado: *Sr. Ramón Falcón.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección Segunda, dictó sentencia en este caso declarando sin lugar la solicitud de *mandamus.* Que en este caso el peticionario fué privado de su cargo sin previa notificación y audiencia es un hecho probado, que aparece tanto de la exposición del caso como de la propia opinión de la corte inferior. El demandado no hizo esfuerzo alguno para probar lo contrario, sino que se concretó a demostrar que el peticionario había sido privado de su cargo por justa causa. La cuestión controvertida fué la de si existió la justa causa, y la corte inferior llegó a una conclusión afirmativa, en favor del alcalde demandado.

El apelante, tanto en su alegato como en su informe oral ante esta corte, concedió la mayor importancia a la cuestión de si existía o no la justa causa para su separación.

De haber sido esa sola la cuestión planteada ante nosotros, no vacilaríamos ni un solo momento para seguir la decisión de la corte inferior, no solamente por el conflicto de la prueba, sino porque estimamos que tendió la prueba a mostrar la

justa causa.   Sin embargo, existe en este caso una cuestión de derecho que nos compele a revocar la sentencia.   La corte basándose en parte en la interpretación que le dió al de *Ruiz* v. *del Valle,* 17 D. P. R. 682, 683, creyó que la notificación y audiencia no eran necesarias.   Nos es innecesario volver a considerar la cuestión otra vez, puesto que ya lo hemos hecho recientemente en los casos de *Belaval* v. *Todd,* 22 D. P. R. 633; *Belaval* v. *Todd,* 24 D. P. R. 26, y *Cintrón* v. *Berríos,* 24 D. P. R. 721.

El apelado no presentó ningún alegato en este caso, sino que compareció a informar oralmente ante esta corte para sostener la justicia de la separación y sugerir que nada ganaría el apelante con la revocación de la sentencia a esta fecha, pero la situación que haya de surgir al expedirse el *mandamus* dentro de las actuales circunstancias no pende aún ante nosotros, aunque la hemos considerado ya en algo en los casos últimamente citados y en el de *Belaval* v. *Todd,* 24 D. P. R., 820, 821.

El apelante tenía derecho a notificación y audiencia, lo que no obtuvo, y por tanto tenía un legítimo derecho a la expedición del auto de *mandamus.*

La sentencia debe ser revocada y dictarse otra requiriendo al Alcalde de San Juan, Sr. Roberto H. Todd, para que reponga al apelante en su destino.

*Revocada la sentencia apelada y dictada otra en su lugar ordenando la expedición de un auto de mandamus perentorio para la restitución del peticionario en su cargo.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.