FÉLIX V. SOTO GALÁN, demandante y recurrido, *v.* TULIO F. LÓPEZ, ALCALDE DEL MUNICIPIO DE BAYAMÓN, demandado y recurrente.

*Número:* R-63-83          *Resuelto:* 21 de abril de 1970

P. J. *Santiago Lavandero, Ángel M. Rodríguez Lozada* y *Ramos & Latoni,* abogados del recurrente; *Luis A. Archilla Laugier* y *Mario A. Rodríguez,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 23 de agosto de 1962 Félix Soto Galán presentó una solicitud de *mandamus* en el Tribunal Superior, Sala de Bayamón, en la cual alegó que era empleado del Municipio de Bayamón; que el demandado en su capacidad de Alcalde

de esa ciudad lo despidió de su cargo sin justa causa y sin cumplir con lo dispuesto en el Art. 93 de la Ley Municipal, y solicitó del tribunal que ordenase al demandado a reponerlo en su cargo y a pagarle los haberes dejados de percibir desde la fecha de su despido.

Contestó el demandado afirmando que el demandante no era empleado del municipio, dentro del significado que tiene ese término en la Ley Municipal a los fines del Art. 93 de dicha ley y que el auto de *mandamus* no procedía en este caso. Luego de la correspondiente vista el tribunal de instancia declaró con lugar la petición de *mandamus* y ordenó al demandado a reponer al demandante en su empleo, con efecto retroactivo a la fecha del despido. Acordamos revisar.

El demandante-recurrido trabajó para el Municipio de Bayamón desde el 15 de marzo de 1961 al 22 de mayo de 1962. Su caso se rige pues, por la Ley Municipal vigente, Ley Núm. 142 de 21 de julio de 1960; 21 L.P.R.A. secs. 1101 y siguientes.

Aparte del Alcalde y de los miembros de la Asamblea Municipal, los cuales son funcionarios electos—con funciones primordialmente ejecutivas el primero y primordialmente legislativas los segundos—bajo la Ley Municipal los gobiernos municipales tienen funcionarios, empleados regulares y empleados temporeros que cobran por nómina.

La ley, en su Art. 42, dispone expresamente quiénes son los funcionarios administrativos de los municipios. Son éstos, con las cualificaciones que dicho artículo contiene, el Alcalde, el Secretario y el Director de Finanzas, o el Alcalde, el Secretario-Auditor y el Tesorero. En adición a lo anterior, la ley dispone en su Art. 43, que la Asamblea Municipal podrá crear los cargos adicionales de funcionarios administrativos que fueren necesarios. La asamblea determinará las funciones de los cargos creados por ella y los requisitos que deberán reunir quienes los ocupen. 21 L.P.R.A. secs. 1261 y 1262.

Los funcionarios administrativos serán nombrados por el Alcalde con el consejo y consentimiento de la Asamblea Municipal y desempeñarán sus cargos por el término para el cual el Alcalde hubiese sido electo o nombrado, a menos que fueren destituidos por justa causa y previa formulación de cargos. 21 L.P.R.A. sec. 1263.

En cuanto a los empleados, la ley dispone en su Art. 91, que "Todos los nombramientos de empleados serán hechos por el Alcalde, a propuesta de los funcionarios administrativos municipales respectivos." 21 L.P.R.A. sec. 1551. Ese Art. 91 se aplica al caso de autos según su texto antes citado pues ese es el texto que estuvo en vigor desde la aprobación de la ley hasta junio de 1964, cuando fue enmendada por la Ley Núm. 114 de 27 de junio de ese año. La enmienda de 1964 dejó subsistente ese texto citado pero añadió que los nombramientos hechos a partir de dicha enmienda se harían por un término probatorio de seis meses. Esa enmienda no juega papel pertinente alguno en el caso de autos.

Para la destitución de los empleados la ley exige en su Art. 93, justa causa y que se siga un procedimiento con notificación y audiencia. 21 L.P.R.A. sec. 1553. Para la época en que el demandante trabajó para el Municipio de Bayamón dicho Art. 93 disponía, en lo pertinente, como sigue:

"Los empleados municipales podrán ser destituidos por el alcalde, por justa causa, previa formulación de cargos y previa audiencia señalada con 10 días de anticipación, la cual audiencia se celebrará ante una comisión de tres personas nombradas por el alcalde con el consejo y consentimiento de la asamblea municipal. En dicha audiencia el empleado podrá defenderse de dichos cargos y estar representado por abogado. Dicha comisión estará compuesta de personas que no sean empleados municipales. . . ."

Ese Art. 93 también fue enmendado por la antes citada Ley Núm. 114 de 27 de junio de 1964. 21 L.P.R.A. sec. 1553, Suplemento. El nuevo texto de ese artículo incluye en el pro-

cedimiento para la destitución a los funcionarios (antes se refería únicamente a los empleados) y contiene otros detalles que por no ser pertinentes a este caso no es necesario pormenorizar aquí. ([1])

En su Art. 92 la ley dispone que:

"Ningún empleado municipal será nombrado, ascendido, degradado, o suspendido ni en ninguna forma se discriminará contra él, por razón de razas o de ideas políticas o religiosas." 21 L.P.R.A. sec. 1552.

En su Art. 94 la ley dispone lo siguiente:

"Los miembros de la asamblea municipal, los funcionarios administrativos y los empleados de los municipios, antes de tomar posesión de sus cargos o empleos prestarán juramento, de acuerdo con el Código Político de Puerto Rico, ante un funcionario autorizado por ley para tomar juramentos." 21 L.P.R.A. sec. 1601.

■ Para proseguir con nuestra exposición de la ley aplicable y los méritos del caso, debemos disponer del planteamiento de que una solicitud de *mandamus* no es el vehículo adecuado para solicitar la reposición en el cargo o empleo luego de una destitución ilegal. El planteamiento carece de validez. El *mandamus* es un remedio adecuado para impedir que un funcionario o junta separe de su empleo a un funcionario o empleado, sin autoridad para ello. *Gil* v. *Chardón*, 41 D.P.R. 210, 218 (1930). Véanse además *Bezares* v. *González, Alcalde*, 84 D.P.R. 468 (1962); *Abella* v. *Piñero, Gobernador*, 66 D.P.R. 690 (1946); *Pérez Marchand* v. *Garrido, Comisionado*, 48 D.P.R. 457, 473 (1935); *Romero Moreno* v. *Gore, Gobernador*, 46 D.P.R. 408, 428 (1934); *Jiménez* v. *Reily*, 30 D.P.R. 626 (1922); *Sarriera* v. *Todd*, 26 D.P.R. 4 (1917); *Cintrón* v. *Berríos*, 24 D.P.R. 721 (1917).

---

([1]) En cuanto a la destitución de funcionarios ya la ley también exigía justa causa, previa formulación de cargos, en su Art. 44. 21 L.P.R.A. sec. 1263.

■ Si presumimos por un momento que el demandante era un empleado dentro del significado que dicho término tiene en la Ley Municipal, a la luz de los claros preceptos del Art. 93 de la Ley, 21 L.P.R.A. sec. 1553, y de nuestra jurisprudencia constante, forzoso sería reconocer que el Alcalde no tenía facultad para despedirlo sin justa causa y sin previa formulación de cargos y de audiencia.

Ya en *Belaval* v. *Todd,* 24 D.P.R. 26, 39 (1916), este Tribunal, al interpretar una disposición de la Ley Municipal de 1906 que contenía el mismo principio de justa causa que contiene la ley vigente, (²) se expresó como sigue:

"Si la legislatura hubiera deseado que los empleados municipales hubieran podido ser destituidos a su voluntad por los alcaldes, . . . no hubiera empleado las palabras 'por justa causa' que empleó en la sección 32 de la Ley Municipal.

"Esas palabras tienen su significado. Esas palabras revelan una intención manifiesta. Esas palabras demuestran que la Legislatura se decidió por organizar en los municipios de Puerto Rico para bien de las administraciones municipales y por consiguiente del pueblo, un cuerpo de empleados que trabaje con el firme convencimiento de que en el cumplimiento de sus deberes descansa la seguridad de sus posiciones."

En *Bezares* v. *González, Alcalde,* 84 D.P.R. 468, 477 (1962), estando ya en vigor la presente Ley Municipal, ante un problema parecido, dijimos lo siguiente:

"La ley no deja margen de duda alguno en cuanto al trámite para la destitución de los peticionarios. Tampoco distingue el artículo 93, al ofrecer su manto protector, entre empleados que hubiesen sido nombrados por la propia Administración que destituye y empleados nombrados por una Administración anterior." (Citas omitidas.)

Para una reiteración del mismo principio véase *Figueroa* v. *López, Alcalde,* 89 D.P.R. 474, 475 (1963). Y en *López, Alcalde* v. *Tribunal Superior,* 90 D.P.R. 304, 312 (1964) dijimos:

---

(²)Leyes, 1906, pág. 111.

"Resumiendo . . . diremos que cuando un funcionario o empleado ocupa un cargo o empleo con término fijo de incumbencia, o indefinidamente, pero su separación, por mandato de ley, debe realizarse por 'causa', o por 'justa causa', la causa o la justa causa es causa legal o en derecho, no es el criterio o la sola apreciación del poder que destituye, por más aparentes o justificadas que a él le puedan parecer las razones que tenga para destituir. Secuela de ello, una destitución por causa o por justa causa debe estar precedida de una determinación de tipo legal o de naturaleza judicial en cuanto a la existencia o no de una causa o causa justa. Esto a la vez exige que la destitución esté precedida también por una audiencia dada al funcionario o empleado destituido, con oportunidad de ser oído en su defensa contra la separación."

■ ¿Era el demandante un empleado cubierto por las garantías del Art. 93 antes citado de la Ley Municipal? Tenemos que contestar en la negativa. De los autos surge que el demandante fue contratado verbalmente por el Alcalde para trabajar y cobrar por nómina, que no ocupaba cargo o empleo alguno creado por la ley o por la Asamblea Municipal o en el presupuesto municipal, que no juró cargo o empleo alguno y que cobraba de una partida global destinada al pago de servicios.

Estos servicios que se pagan por nómina de partidas globales, en ausencia de cargo o empleo creado por la ley, por la Asamblea Municipal específicamente o en el presupuesto, no son empleo permanentes sino que son trabajos temporeros. En todo organismo público o privado surgen trabajos temporeros que es necesario hacer pero que no justifican la creación de una plaza permanente. La intención de la Ley Municipal no es darle permanencia a esa clase de trabajos. Para hacer frente a emergencias y a necesidades de labores temporeras los municipios necesitan la flexibilidad de poder contratar servicios temporeros sin incurrir en la obligación de que se tornen permanentes.

*En vista de lo anterior, se revocará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 20 de febrero de 1963 y se declarará sin lugar la demanda en este caso.*

El Señor Juez Presidente y el Juez Asociado Señor Hernández Matos no intervinieron.